731 So.2d 753 (1999)
Kirk FIELDS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2168.
District Court of Appeal of Florida, Fifth District.
April 6, 1999.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, C.J.
Appellant seeks expedited review of his conviction for the third-degree felony of driving while license revoked as a habitual traffic offender.[1] The defendant contends on appeal that the lower court erred in refusing to instruct the jury that the state had to prove that the defendant knew that his license was revoked. The defendant relies principally on Chicone v. State, 684 So.2d 736 (Fla.1996), and Waites v. State, 702 So.2d 1373 (Fla. 4th DCA 1997). The Waites court, relying on Chicone, held that a conviction under section 322.34(3)(a), Florida Statutes, implicitly requires knowledge of the lack of a driver's license be an element of the offense. Fields urges that Waites is "not distinguishable on any principled basis" from this case. We respectfully disagree. The two statutes are quite dissimilar; indeed, the statute at issue here is more akin to subsection (b) of section 322.34(3). The Waites court itself noted the difference, suggesting even that driving while one's license is canceled, suspended or revoked is necessarily committed "knowingly." Id. at 1375.
More important, unlike Waites, in this case there is a clear statement from the legislature about what level of knowledge is an element of the offense. The Supreme Court in Chicone instructed that the focus of analysis in determining whether knowledge is an element of the offense must be on legislative intent. Thus, the Chicone court appears to conclude that the requirement (or not) of knowledge as an element of the offense is a matter within the purview of the legislature. 684 So.2d at 743-44. If the legislature can dispense with scienter completely, it can doubtless also specify the level of knowledge required. For Chapter 322, the legislature provided a specific statute that describes the level of knowledge required:
(1) All orders of cancellation, suspension, revocation, or disqualification issued under the provisions of this chapter, chapter 318, chapter 324, or ss *754 627.732-627.734 shall be given either by personal delivery thereof to the licensee whose license is being canceled, suspended, revoked, or disqualified or by deposit in the United States mail in an envelope, first class, postage prepaid, addressed to the licensee at his or her last known mailing address furnished to the department. Such mailing by the department constitutes notification, and any failure by the person to receive the mailed order will not affect or stay the effective date or term of the cancellation, suspension, revocation, or disqualification of the licensee's driving privilege.
(2) The giving of notice and an order of cancellation, suspension, revocation, or disqualification by mail is complete upon expiration of 20 days after deposit in the United States mail. Proof of the giving of notice and an order of cancellation, suspension, revocation, or disqualification in either such manner shall be made by entry in the records of the department that such notice was given. Such entry shall be admissible in the courts of this state and shall constitute sufficient proof that such notice was given.
§ 322.251(1)(2), Fla. Stat. (1997). Here, the state contends that it was sufficient for the lower court to instruct the jury, as expressly provided in the statute, that the relevant element is that "notice of the revocation was given to the defendant." Unlike Chicone and Waites, we do not have to guess about the element of knowledge because the legislature has told us what is required. Notice must be given. Giving of notice creates at least the presumption that notice was received. Home Ins. Co. v. C & G Sporting Goods, Inc., 453 So.2d 121, 123, n. 3 (Fla. 1st DCA 1984).[2] Here, the state offered competent proof that notice was given by introducing evidence that notice was sent. We therefore agree with the state that the state does not have to prove actual knowledge on the part of the defendant; rather, it is sufficient if the state establishes that notice was given. The statute clearly shows that proof of actual knowledge, beyond the giving of notice, is not an element of the state's case.
In this case, moreover, appellant admitted he had actual knowledge of the revocation but (erroneously) believed he had done what was necessary to undo the revocation.
AFFIRMED.
COBB, J., concurs.
W. SHARP, J., concurs in result.
NOTES
[1] § 322.34(5), Fla. Stat. (1997).
[2] Under section 322.251(1), the legislature appears to have determined that proper mailing is conclusive evidence of notice.