764 So.2d 741 (2000)
Richard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0620.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
Rehearing Denied August 15, 2000.
*742 Richard L. Jorandby, Public Defender, and David J. McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Richard Brown was convicted of aggravated fleeing and eluding, felony driving with a suspended license, and resisting an officer without violence. We find merit in Brown's contention that his felony driving with a suspended license conviction must be reversed on the ground that the State presented insufficient evidence on the "knowledge" element of the crime. As to the other issues raised on appeal, we affirm.
The crimes with which Brown was charged stemmed from an encounter that he had with police on July 24, 1998. Detective Crew of the Pompano Beach Police Department testified that he was familiar with Brown and that, when he saw Brown coming out of the Winn Dixie on Oakland Park Boulevard, he called for back-up and attempted to stop Brown's car. Crew was in an unmarked car; he testified, however, that there were lights on his car's visor and that he made hand gestures signaling Brown to stop. Brown failed to stop and a chase down Oakland Park Boulevard ensued. At trial, there was testimony that Brown was traveling at 60 miles per hour in an area where the posted speed limit was 35 miles per hour. Ultimately, Brown lost control of his car while attempting to turn onto the on-ramp for I-95. Brown then fled on foot across I-95 and disappeared into the woods on the other side. Police pursued him on foot up to the point that they observed Brown disappear into the woods.
During the course of the chase, police were radioing information to a helicopter unit and a box perimeter was set up. After receiving information from the helicopter, Detective Poliard of the City of Oakland Park Police Department responded to John Easterland Park, an RV park to the north of the chase scene. Once there, Poliard observed a blue Chevy, which was traveling under the speed limit and using a turn signal when negotiating the curves in the road. Poliard pulled the car over and discovered Brown in the back seat.
With respect to the driving with a suspended license charge, the State introduced into evidence a copy of Brown's driver's license, which was issued on September 17, 1997, and reflected an address of 216 SW 1st Court # 3, Pompano Beach, Florida, and a copy of his driving record. The driving record listed the same address as Brown's license and reflected that (1) on April 29, 1998, Brown's license was suspended for failure to pay a traffic fine and (2) the required statutory notice had been provided.
*743 Brown offered no evidence in his own defense. The jury convicted him on all counts.
Section 322.34, Florida Statutes (Supp. 1998), provides in relevant part:
Driving while license suspended, revoked, canceled, or disqualified.
(1) Except as provided in subsection (2), any person whose driver's license or driving privilege has been canceled, suspended, or revoked, except a "habitual traffic offender" as defined in s. 322.264, who drives a vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked is guilty of a moving violation, punishable as provided in chapter 318.
(2) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree....
(b) A second conviction is guilty of a misdemeanor of the first degree....
(c) A third or subsequent conviction is guilty of a felony of the third degree.... The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4). There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) appears in the department's records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.

(3) In any proceeding for a violation of this section, a court may consider evidence, other than that specified in subsection (2), that the person knowingly violated this section.
(4) Any judgment or order rendered by a court or adjudicatory body or any uniform traffic citation that cancels, suspends, or revokes a person's driver's license must contain a provision notifying the person that his or her driver's license has been canceled, suspended, or revoked.
§ 322.34(1)-(4)(emphasis added). Brown concedes that there was evidence that the notice of suspension was mailed to him, as is required by section 322.251, Florida Statutes (Supp.1998), but argues that this is not proof that he actually received the notice and cannot sustain a finding of actual knowledge on his part. The State contends that evidence of the mailing of the suspension is all that is required, citing Fields v. State, 731 So.2d 753 (Fla. 5th DCA), review denied, 761 So.2d 328 (Fla. 1999). We agree with Brown.
Fields involved section 322.34(5), Florida Statutes (1997), which provides in relevant part: "Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree...." Noticeably absent from the statute is any reference to knowingly driving with a revoked license. In the absence of such a reference, the Fifth District rejected the defendant's contention that the State was required to prove that he had actual knowledge of the revocation of his license and held that it was sufficient that the State establish that it had provided the defendant notice of the revocation as required by section 322.251(1), (2), Florida Statutes (1997), and that the "[g]iving of notice creates at least the presumption that notice was received." 731 So.2d at 754.
Unlike Fields, the instant case does not involve a statute that is silent on the issue of the defendant's knowledge of the suspension, *744 leaving the State to prove only that the notice requirement of section 322.251 was complied with. The 1998 version of section 322.34 expressly states that driving with a suspended license must be done "knowingly." The statute then goes on to provide that this knowledge element is satisfied if: (1) the defendant has previously been issued a citation for driving with a suspended license as provided in 322.34(1); (2) the defendant admitted that he knew of the suspension of his license; or (3) the defendant received the notice of suspension that the department is required to send. The statute further provides that
There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) [providing that a judgment, order, or citation that suspends a person's driver's license must contain a provision notifying the person of the suspension] appears in the department's records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.

§ 322.34(2), Fla. Stat. (Supp.1998)(emphasis added).
The statutory language recognizes the principle relied upon in Fields that the giving of notice creates at least a presumption that notice was received. And, in cases except for those involving suspensions "for failure to pay a traffic fine or for a financial responsibility violation" an entry in the department's records that the notice of suspension was sent to the defendant will satisfy the "knowing" or knowledge requirement of section 322.34(2).
In the instant case, the DMV's records indicate that Brown's license was suspended for failure to pay traffic fines; thus, the presumption of knowledge created by an entry in the DMV's records does not apply. In the absence of the presumption, the plain language requires the State to prove that the defendant received notice of the suspension. Here, the evidence presented was that as of September 17, 1997, the date that Brown's driver's license was issued, he was residing at 216 SW 1st Court # 3, Pompano Beach, Floridathe address to which the notice of suspension was mailed. There was no evidence, however, that Brown was still residing at that address when the notice of suspension was mailed. The State's circumstantial evidence that appellant had knowledge of the suspension because notice of such was mailed to him simply was not inconsistent with the appellant's theory that he never received the notice and had no knowledge of the suspension. And, although not presented to the jury, we note that the probable cause affidavit in this case indicates that, at the time of his July 24, 1998 arrest, Brown was residing at 517 SW 2nd Place, Pompano Beach, Florida.
Ultimately, while the State presented evidence that notice of suspension was mailed to Brown, it presented no evidence that he received said notice. As a result, we must reverse Brown's conviction for felony driving with a suspended license.
AFFIRMED in part and REVERSED in part.
KLEIN, STEVENSON and HAZOURI, JJ., concur.