COMMONWEALTH of Pennsylvania,
Appellee,

v.

Robert E. ROSE, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 2002.
Filed Feb. 14, 2003.
Reargument Denied April 17, 2003.

J. Michael Considine, Jr., West Chester, for appellant.

Thomas Ost–Prisco,. Assistant District Attorney, West Chester, for Com.

Before: McEWEN, P.J.E., FORD ELLIOTT and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 Appellant Robert E. Rose has filed two appeals from his convictions in the Court of Common Pleas, Chester County, for violations of the Vehicle Code. The appeals are from the December 17, 2001, Judgment of Sentence, docketed at 255 EDA 2002, and from the March 8, 2002, Opinion,[1] docketed at 917 EDA 2002. We have listed these appeals consecutively, and we will dispose of the issues raised herein. For the following reasons, we affirm in part and reverse in part the judgment of sentence docketed at 255 EDA 2001, and we quash the appeal docketed at 917 EDA 2002.

¶ 2 The facts and procedural history are as follows. On May 25, 2001, Police Officer Gerard M. Lindenlauf stopped the tractor trailer that Appellant was driving because that vehicle did not have a current International Fuel Trade Association (IFTA) marker displayed on the driver's side of the vehicle as required pursuant to 75 Pa.C.S. § 2102(d). On approaching the stopped vehicle, Officer Lindenlauf observed an IFTA tag, which expired on December 31, 2000, on the passenger's side of the vehicle. He then requested Appellant to produce his records of duty status, his driver's license and the vehicle's registration. Appellant produced the title papers for the vehicle and a Florida state driver's license. He also produced the vehicle's registration, which expired on December 31, 1998, and was from the state of Oklahoma. Officer Lindenlauf then ordered Appellant to follow him to the New Garden truck scale where he planned to conduct a thorough investigation of Appellant's vehicle. However, on the drive to the truck scale, Appellant stopped his vehicle and informed Officer Lindenlauf that he would not proceed any further. Officer Lindenlauf took Appellant to the police station where he learned that Appellant's Florida State driver's license was suspended effective December 18, 2000. Officer Lindenlauf issued five citations to Appellant for violations of the Vehicle Code regarding this incident.[2]

¶ 3 On July 13, 2001, at the District Court, Appellant pleaded guilty to violation of § 1301 and §§ 2102(d) & (e) and was subsequently fined. In return for the guilty plea, the Commonwealth withdrew the remaining issued citations. On August 14, 2001, Appellant filed a notice of appeal in the Court of Common Pleas, Chester County.

¶ 4 On December 17, 2001, the trial court conducted a trial *de novo*. At the summary appeal trial, the court reinstated

---

1. Appellant indicates that he has appealed from the March 8, 2002, Order. However, as discussed herein, the docket indicates that trial court filed its 1925(a) Opinion on March 8th, not an order.

2. The citations were as follows: Number A 6505791–5—violation of § 1606(c)(1)(ii); Number A 6505792–6—violation of § 4107(b)(2); Number A 6505793–0—violation of § 4107(b)(2); Number A 6505779–0—violation of 1301(a) and Number A 6505790–4—violation of §§ 2102(d) & (e).

the three citations that were previously withdrawn. The trial court then received evidence and testimony. The trial court found Appellant guilty of violations of §§ 1606(c)(1)(ii), 4107(b)(2), 1301(a) and 2102(d) & (e) and found him not guilty of a second § 4107(b)(2) violation. The trial court imposed a total aggregate fine of $3,925.00 for the convictions, plus costs and fees, and remanded the matter to the district justice for collection of the fines and costs.[3]

¶ 5 On January 15, 2002, Appellant filed the notice of appeal docketed at 255 EDA 2002. The trial court order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), 42 Pa.C.S. Appellant complied.

¶ 6 On March 4, 2002, the district justice entered an order of sentence upon remand. On March 6, 2002, Appellant filed post sentence motions. On March 8, 2002, the trial court issued its opinion in response to Appellant's 1925(b) statement. On March 14, 2002, Appellant filed a notice of appeal from the March 8, 2002, order docketed at 917 EDA 2002. On April 5, 2002, the trial court entered an order quashing Appellant's post sentence motions.

¶ 7 We will first examine the appeal docketed at 255 EDA 2002. In this appeal, Appellant presents the following issues for our review:

1. Where there is conflicting evidence whether defendant agreed not to appeal two summary charges to which he pled guilty in exchange for dismissal of 3 other summary charges before the District Justice, at a summary appeal of the 2 charges, may the Court of Common Pleas sua sponte reinstate the 3 dismissed charges?

2. Where the Commonwealth proved only that a record states notice of cancellation, suspension or revocation of Defendant's driver's license was made in accordance with Florida Statute 322.251, (which requires mailing only to a last-known mailing address) and there was no evidence 1) of mailing to defendant's *current address*, 2) that defendant stated he did not have a valid license or registration or that his license was suspended or revoked, 3) he was personally told of any suspension or revocation, 4) defendant responded to mailings at the address to which notice was sent, 5) he fled on foot or made any attempts to avoid detection or a citation, 6) he had a history of convictions for driving under suspension, 7) he deceived police into believing he was not driving at the time of arrest, 8) he admitted receiving or reading the notice, 9) the notice was not returned as undeliverable, 10) of the address to which notice was sent, has notice been established sufficient to support convictions under 75 Pa.C.S.A. §§ 1301(a) or 1606(c)(1)(ii)?

3. Did the court err in stating that Florida law, which only requires mailing, and not Pennsylvania law, which requires more than just mailing, applies as to whether Defendant received notice of suspension or revocation of a commercial driver's license and/or tractor registration sufficient to support convictions under 75 Pa.C .S.A. §§ 1301(a) and/or 1606(c)(1)(ii)?

Appellant's brief, 255 EDA 2002, at 6–7.

¶ 8 We will first examine Appellant's issue that the trial court erred when it reinstated summary charges against him that were withdrawn previously before the District Justice.[4]

---

3. Appellant had paid a large portion of the fines prior to the summary appeal hearing.

4. Throughout Appellant's brief, he argues that the District Justice dismissed three of the summary charges against him. However, Ap-

¶ 9 At the plea hearing before the District Justice, the Commonwealth withdrew three of the citations filed against Appellant in return for his plea of guilty to the remaining two citations. Appellant then pleaded guilty to the remaining citations. He filed a summary appeal. At the start of the summary appeal trial, the Commonwealth asked the trial court to reinstate the previously withdrawn citations, which the court did. The court found Appellant guilty in the two citations on appeal, guilty in the two previously withdrawn citations and acquitted him in the third withdrawn citation.

¶ 10 The trial court correctly permitted the Commonwealth to reinstate the previously withdrawn citations. It noted that the Commonwealth had the authority to withdraw, to agree to dismiss or to agree to a not-guilty finding regarding the charges before the district court prior to the completion of the summary trial or the acceptance of a guilty plea. *See* Pa. R.Crim.P. 457 and 458, 42 Pa.C.S. Essentially, the Commonwealth voluntarily withdrew, and not dismissed, the citations pursuant to Pa.R.Crim.P. 457.[5] Dismissal of charges required certain conditions that were not shown in this case, namely, the public interest will not be affected, the Commonwealth agrees to dismissal, satisfaction is made to aggrieved person and there is an agreement as to who shall pay costs. *See* Pa.R.Crim.P. 458(A), 42 Pa.C.S (Rule 458 permits the issuing authority to dismiss a summary case when provisions are satisfied.) Since the withdrawal acted as neither an acquittal nor a conviction,

double jeopardy did not attach to the citations that were withdrawn. *See* 18 Pa. C.S.A. 109; *cf. Commonwealth v. Hart*, 427 Pa. 618, 235 A.2d 391 (1967) (double jeopardy did not attach to withdrawn charges because no acquittal or conviction). Therefore, the trial court did not err in reinstating the withdrawn citations.

¶ 11 Appellant argues that the trial court erred in finding that the Commonwealth withdrew the charges pursuant to a plea agreement and that the charges should be reinstated when Appellant violated the plea agreement by filing a summary appeal.

¶ 12 The trial court found that the Commonwealth and Appellant entered into a plea agreement. We agree. Officer Lindenlauf testified that the Commonwealth offered to withdraw the three most serious citations in return for Appellant's plea of guilty to the remaining citations. Appellant accepted this offer. He received a lower fine and penalties while the Commonwealth received a conviction. Appellant had a right to appeal from the District Justice. However, since the charges were not dismissed but withdrawn, the Commonwealth also had a right to reinstate those charges at the summary appeal trial.

¶ 13 Appellant's remaining two issues on appeal are interrelated, and we will address them contemporaneously. Appellant argues that the evidence was insufficient to prove that he had notice under Pennsylvania law that his commer-

---

pellant's counsel admitted at the summary appeal that the Commonwealth, in fact, withdrew the charges. Additionally, Appellant states that the trial court reinstated the charges *sua sponte*. However, the record shows that the Commonwealth asked that the charges be reinstated. *See* N.T. Summary appeal, 12/17/2002, at 4.

5. A withdrawal of charges is a failure to prosecute by the person preferring charges (*i.e.*, the Commonwealth)—distinguished from a dismissal, which is a determination of their invalidity by the tribunal hearing them (*i.e.*, the district court). *See* Black's Law Dictionary 6th ed. at 1104.

cial driver's license was suspended and was in violation of § 1606, 75 Pa.C.S.[6]

Initially, we note in a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether any error of law was committed and whether the decision is a manifest abuse of discretion. *Commonwealth v. Baer*, 452 Pa.Super. 547, 682 A.2d 802 (Pa.Super.1996).

"The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (Pa.Super.1996) (citing *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994)).

In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (Pa.Super.1995) (citations omitted). *Commonwealth v. Vetrini*, 734 A.2d 404, 406–07 (Pa.Super.1999).

¶ 14 Appellant was convicted of violating § 1606(c)(1)(ii) of the Vehicle Code, which provides:

(1) No person shall drive a commercial motor vehicle during any period in which:

(ii) his operating privilege is suspended, revoked, canceled or recalled until the person's operating privilege has been restored.

75 Pa.C.S.A. § 1606(c)(1)(ii).

¶ 15 Essentially, Appellant argues that there was insufficient evidence to prove beyond a reasonable doubt that he had been provided notice that his commercial driver's license was suspended, and, without sufficient notice, he could not be convicted of driving on a suspended commercial driver's license.

¶ 16 The issue of whether notice of suspension is required for conviction under § 1606—driving while commercial license is suspended, is an issue of first impression before this Court. We have examined § 1543 of the Vehicle Code—driving while operating privilege is suspended or revoked to guide our inquiry with respect to § 1606. Pennsylvania case law is well-settled that in order to sustain a conviction under § 1543, the Commonwealth must prove that the defendant had actual notice that his license had been

---

**6.** In Appellant's questions presented, he challenges the sufficiency of evidence regarding his conviction under § 1301(a)—driving an unregistered vehicle. However, this issue was not raised in his 1925(b) statement, and, accordingly, we find this issue to be waived. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). Additionally, we note that Appellant's argument refers to the lack of notice that his driver's license was suspended. Such an argument is irrelevant to the conviction for driving an unregistered vehicle. We will confine our analysis to the sufficiency of evidence regarding the conviction pursuant to § 1606(c)(1)(ii)—driving while commercial operator's license suspended, revoked or canceled.

suspended or revoked. *See, e.g., Baer,* 682 A.2d at 805 (actual notice required to sustain conviction under § 1543(a)); *Vetrini,* 734 A.2d at 407 (actual notice required to sustain conviction under § 1543(b)). Additionally, under § 1532(b), the Commonwealth's failure to notify a person of their driver's license suspension within a reasonable time may result in vacation of the suspension if the person is prejudiced as a result. *See, e.g., Lancos v. Com., Dept. of Trans., Bureau of Driver Licensing,* 689 A.2d 342 (Pa.Cmwlth.1997). Since actual notice is required to sustain a conviction for § 1543—driving while operating privileges suspended or revoked, we conclude that in order to convict for § 1606, the commercial license equivalent to § 1543, the Commonwealth must demonstrate that a person received actual notice that his commercial driver's license was suspended.

¶ 17 Appellant's Florida driver's license was suspended in Florida. Therefore, the trial court applied Florida's standards regarding proof of notice. Appellant contends that Pennsylvania's standards applied and the trial court erred in using Florida law.

¶ 18 We find that the trial court did not err in applying Florida law regarding proof of notice. However, after examining the Florida statute and its subsequent case law, we find that the trial court's ultimate ruling was erroneous.

¶ 19 The facts indicate that on May 25, 2001, Appellant was operating a commercial vehicle in Chester County without possessing a valid commercial driver's license. On December 18, 2000, the State of Florida suspended Appellant's Florida State commercial driver's license indefinitely for failure to comply with a traffic summons issued in the State of Georgia, *i.e.,* he failed to pay a required fee. The certified driving record from Florida indicates that notice was given pursuant to Fla. Stat. 322.251.

¶ 20 Florida Statute 322.251—Notice of Cancellation, Suspension, Revocation, or Disqualification of License, states, in pertinent part:

(1) All orders of cancellation, suspension, revocation, or disqualification issued under the provisions of this chapter, chapter 318, chapter 324 or ss. 627.732–627.734 shall be given either by personal delivery thereof to the licensee whose license is being canceled, suspended, revoked, or disqualified or by deposit in the United States mail in an envelope, first class, postage prepaid, addressed to the licensee at his or her last known mailing address furnished to the department. Such mailing by the department constitutes notification, and any failure by the person to receive the mailed order will not affect or stay the effective date or term of the cancellation, suspension, revocation, or disqualification of the licensee's driving privilege.

(2) The giving of notice and an order of cancellation, suspension, revocation, or disqualification by mail is complete upon expiration of 20 days after deposit in the United States mail. Proof of the giving of notice and an order of cancellation, suspension, revocation, or disqualification in either such manner shall be made by entry in the records of the department that such notice was given. Such entry shall be admissible in the courts of this state and shall constitute sufficient proof that such notice was given.

¶ 21 The trial court noted that Appellant's driving record indicated that notice was given pursuant to 322.251 and found that Appellant had notice as required by Florida law. However, the notice requirement turns upon the basis for the suspension of the driver's license. If a

person's driver's license was suspended pursuant to habitual offender provisions of Florida's Vehicle Code, the State of Florida may establish that it provided notice as required by § 322.251(1) & (2) and that the issuance of notice created the rebuttable presumption that it was received. *See Fields v. State,* 731 So.2d 753, 754 (Fla.Ct. App.1999), *review denied,* 761 So.2d 328 (Fla.1999). In *Brown v. State,* 764 So.2d 741 (Fla.Ct.App.2000), the Florida appellate court contrasted *Fields* because, unlike the statute in *Fields* which was silent on the knowledge requirement, the offense of driving under suspension for failure to pay a fine or for a financial responsibility violation contained a knowledge requirement. Specifically, the Court stated:

> [I]n *cases except for those involving suspensions "for failure to pay a traffic fine or for a financial responsibility violation"* an entry in the department's records that the notice of suspension was sent to the defendant will satisfy the "knowing" or knowledge requirement of section 322.34(2).

*Brown,* 764 So.2d at 744.

 ¶ 22 In the present case, Appellant's driver's record stated that his license was suspended for failure to pay a fee requirement in the State of Georgia. Since this is a case involving a suspension for a financial responsibility violation, the Commonwealth was required to prove, under Florida law, that Appellant actually knew his license was suspended. *See Brown,* 764 So.2d at 744 (absent of the rebuttable presumption, statute requires state to prove defendant received notice of suspension). Section 322.34(2)(c) of the Florida Statutes provides that knowledge is satisfied if the person was previously cited for driving under suspension, the person admits to knowing of the suspension, or the person received notice *via* judgment or order or citation that suspends the driver's license. If a judgment or order or citation suspends a person's driver's license, there is a rebuttable presumption that the knowledge requirement was satisfied if the judgment or order appears in the department's records *unless the suspension is for failure to pay a fine or for a financial responsibility violation. See* § 322.34(2)(c), Fla. Stat. (Supp. 1998).

 ¶ 23 While the Commonwealth presented evidence that the notice of suspension was mailed to Appellant, it failed to present evidence that Appellant received said notice. As a result, we must reverse Appellant's conviction for driving while commercial operator's license was suspended or revoked.

 ¶ 24 We will now turn our attention to the appeal docketed at 917 EDA 2002. First, we note that Appellant has filed his notice of appeal from the March 8, 2002, order entered in the Court of Common Pleas, Chester County. However, we have reviewed the record and the docket and find that the trial court did not enter an order on March 8, 2002. The trial court entered its 1925(a) opinion on this date. A prerequisite for an appeal is that an order must be entered upon the docket. *See* Pa.R.A.P. 301. An order includes judgment, decision, decree, sentence and adjudication. *See* Pa.R.A.P. 102. An opinion from the trial, without an order, is not appealable. Accordingly, we quash Appellant's appeal docketed at 917 EDA 2002.[7]

---

7. We note that the issues in Appellant's appeal docketed at 917 EDA 2002 are the same as the issues he presented in 255 EDA 2002.

¶ 25 Appeal at 255 EDA 2002, judgment of sentence affirmed in part and reversed in part. Jurisdiction relinquished.

¶ 26 Appeal at 917 EDA 2002, appeal quashed.

¶ 27 McEWEN, P.J.E. files a Concurring and Dissenting Opinion.

McEWEN, P.J.E., Concurring and Dissenting:

¶ 1 Since the author of the majority Opinion has provided a sound rationale of position and a perceptive expression of view, I hasten to join in that portion of the Opinion that holds that the charges withdrawn at the district justice level were properly reinstated in response to the appeal filed by appellant. I am, however, unable to agree that appellant could collaterally attack the validity of the Florida license suspension in this prosecution for violation of 75 Pa.C.S. § 1606. *Cf. Commonwealth v. Wolf*, 534 Pa. 283, 632 A.2d 864 (1993); *Fetty v. Dept. of Transportation, Bureau of Driver Licensing*, 784 A.2d 236 (Pa.Cmwlth.2001); *O'Hara v. Dept. of Transportation, Bureau of Motor Vehicles*, 691 A.2d 1001 (Pa.Cmwlth.1997), *affirmed per curiam*, 551 Pa. 669, 713 A.2d 60 (1998).

¶ 2 Contrary to the assertion of appellant, I do not find any requirement that the prosecution, in a proceeding under Section 1606(c)(1)(ii) of the Vehicle Code, establish that the commercial driver has actual notice of the suspension of his driving privileges. As I do not believe that a judicially created notice requirement, in the context of commercial licenses, is appropriate, I am unable to join in this holding of this majority.

¶ 3 As I view this factual scenario, since the Pennsylvania offense is predicated on the suspension of appellant's Florida license, rather than permitting a collateral attack upon the decision of a Florida agency, appellant should litigate the validity of the Florida suspension in the courts of Florida, presumably his home state, and if there successful, cause the Pennsylvania offense to be voided based on the Florida court's nullification of the suspension.