PER CURIAM.
 

 Appellant, Roderick Haygood, was convicted of possession of greater than twenty pounds of cannabis, resisting an officer without violence, and knowingly driving with a suspended license. We reverse Appellant’s driving with a suspended license conviction because the State presented insufficient evidence on the “knowledge” element of the offense. As to Appellant’s remaining convictions and sentences, we affirm.
 

 At trial, with respect to the driving with a suspended license charge, the State introduced into evidence a copy of Appellant’s driving record from the Department of Highway Safety and Motor Vehicles (DHSMV). The driving record was issued on November 21, 2006, and reflected that Appellant’s license was suspended on the following dates for the following reasons: August 15, 2006, for failure to pay a traffic fine; August 28, 2006, for being delinquent in child support; and August 30, 2006, for being delinquent in child support. The driving record also provided that the statutory notice required by section 322.251, Florida Statutes (2006), had been given. Appellant’s driving record did not list his address. The State presented no additional evidence showing that Appellant knew his license was suspended on November 18, 2006, the date he was arrested after driving into a ditch.
 

 Appellant moved for judgment of acquittal, arguing, in pertinent part, that the State failed to present sufficient evidence that Appellant was aware his license was suspended at the time of his arrest. The trial court denied the motion.
 

 Under section 322.34, Florida Statutes (2006), it is a crime for any person with a suspended driver’s license to operate a motor vehicle upon this state’s highways if the person knows of the suspension. The statute goes on to explain what the state must show to prove that a defendant has knowledge that his or her license is suspended:
 

 (2) .... The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4). There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judg
 
 *896
 
 ment or order as provided in subsection (4) appears in the department’s records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.
 

 (4) Any judgment or order rendered by a court or adjudicatory body or any uniform traffic citation that cancels, suspends, or revokes a person’s driver’s license must contain a provision notifying the person that his or her driver’s license has been canceled, suspended, or revoked.
 

 § 822.34.
 

 In
 
 Brown v. State,
 
 764 So.2d 741, 743-44 (Fla. 4th DCA 2000), the Fourth District addressed whether the state had presented sufficient evidence under section 322.34(2) to show that the defendant knew that his license was suspended when he was found driving. In
 
 Brown,
 
 the state had introduced the defendant’s driver’s license and his driving record at trial to prove that he knew his license was suspended.
 
 Id.
 
 at 744. The defendant’s driver’s license and driving record both listed the same address.
 
 Id.
 
 The defendant’s driving record indicated that his license had been suspended for failure to pay traffic fines and that statutorily-required notice had been provided.
 
 Id,.
 
 On appeal, the Fourth District concluded that because the defendant’s license suspension was the result of failing to pay traffic fines, the presumption that the defendant had knowledge of the suspension under section 322.34(2) did not apply.
 
 Id.
 
 The Fourth District held that without the statutory presumption, the state was required to introduce evidence that the defendant actually received the notice of suspension to uphold a conviction for felony driving with license suspended.
 
 Id.
 

 We agree with the reasoning in
 
 Brown
 
 because it is based on the plain language of section 322.34. In the instant case, similar to
 
 Brown,
 
 Appellant’s driving record indicates that his license was suspended for failure to pay traffic fines and child support. Because these suspensions were due to financial obligations, the presumption of knowledge created by an entry in the DHSMV records does not apply. Thus, the State was required to present evidence that Appellant actually received notice that his license was suspended. The State failed to meet this requirement. The fact that Appellant’s DHSMV record listed his license as having been repeatedly suspended does not prove that Appellant ever received notice of these suspensions. Accordingly, we must reverse Appellant’s conviction for knowingly driving with a suspended license.
 

 AFFIRMED in part and REVERSED in part.
 

 BARFIELD, PADOVANO, and LEWIS, JJ., concur.