TORPY, J.
 

 The trial court found that Appellant violated her community control by committing the new law violation of driving with a suspended driver’s license. Appellant challenges this conviction, contending that the State failed to prove that she knew her license had been suspended, an essential element of the offense. Concluding that the State’s proof of mailing notice of the suspension to Appellant’s correct address was sufficient to present a fact issue on this element, we affirm.
 

 Appellant pled no contest in two separate cases. She was sentenced to five years in prison, suspended on the condition that she complete two years of community control followed by probation. She was ordered in both cases to pay restitution and entered into a payment plan for that
 
 *1016
 
 purpose. While under supervision, Appellant reported to her community control officer for a regularly scheduled meeting. It is undisputed that she drove her vehicle to the meeting. It is also undisputed that she had a suspended driver’s license at the time. The suspension was for failure to pay restitution in the two underlying cases, pursuant to the payment plan. During the meeting, Appellant’s community control officer arrested her for violating Condition 5 of her community control, which required that she live and remain at liberty without violating any law. Appellant told the officer that she did not know her license had been suspended. Appellant was charged with violating Condition 5 of her community control by driving while her license was suspended or revoked contrary to section 322.34(2), Florida Statutes (2009).
 

 The only disputed issue at the violation hearing was whether Appellant was knowingly driving with a suspended license. Appellant testified that she did not know her license had been suspended and that she had not received anything from the Department of Highway Safety and Motor Vehicles (“DHSMV”) advising her of the suspension. Appellant’s mother, who resided at the same address, also testified that she had not seen anything from the DHSMV addressed to Appellant.
 

 The State offered Appellant’s driving record into evidence at the hearing. The record included a notation that the DHSMV had mailed a notice of suspension to Appellant’s address, pursuant to section 322.251, Florida Statutes. It is undisputed that the address where Appellant lived and the address the DHSMV had on file were the same. After hearing all of the evidence, the trial court found that Appellant knowingly drove while her license was suspended or revoked and, by that law violation, violated Condition 5 of her community control. On appeal, Appellant contends that she is entitled to a judgment, as a matter of law, because proof of mailing the notice was insufficient evidence to support a factual determination that she had knowledge of the suspension. We disagree.
 

 When a defendant fails to meet financial obligations arising from a criminal case pursuant to a payment plan, the DHSMV must suspend the defendant’s license upon receipt of notice from the clerk of court. § 322.245(5)(a), Fla. Stat. (2009). Here, the record reflects that the clerk sent notice of Appellant’s failure to pay to the DHSMV and Appellant on April 24, 2009. Upon receipt of the notice from the clerk, pursuant to section 322.251, the DHSMV is obligated to provide notice of suspension to the defendant either by personal delivery or by depositing the notice in the mail, postage prepaid, addressed to the last known address of the defendant. The statute further provides that mail notice is complete upon the expiration of twenty days after it is sent, and that proof that notice was given is made by entry in the DHSMV’s records that notice was given in this manner. The entry in the records is admissible evidence in court and “shall constitute sufficient proof that such notice was given.” § 322.251(2), Fla. Stat. (2009). Here, Appellant’s driver’s license record was admitted in evidence, and it contains an entry reflecting that notice was given on May 7, 2009, effective as of May 27, 2009, twenty days after it was mailed. Therefore, according to the statute, the State introduced sufficient proof that notice had been given.
 
 [1]
 

 
 *1017
 
 Appellant makes no mention of section 322.251(2) in her brief.
 
 [2]
 
 Rather, she directs our attention to a decision of our sister court that supports a contrary conclusion. In
 
 Brown v. State,
 
 764 So.2d 741 (Fla. 4th DCA 2000), the court reversed a conviction for driving while license suspended for failure to pay a traffic fine. It concluded that the evidence was insufficient to establish that the defendant had knowledge that his license had been suspended when the only proof of such was evidence of mailing notice to the defendant’s last known address. The
 
 Brown
 
 court did not apply section 322.251(2), but instead relied upon the following language in section 322.34(2):
 

 The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation;
 
 or the person received, a notice as provided in subsection (⅛).
 
 There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) appears in the department’s record for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.
 

 § 322.34(2), Fla. Stat. (2009) (emphasis added). Because the defendant’s suspension had been for failure to pay a traffic fine and the statutory presumption of knowledge was unavailable, the
 
 Brown
 
 court concluded that proof of knowledge was lacking as a matter of law, because, absent an admission or prior citation, section 322.34(2) requires proof that the notice had been received. To reach this conclusion, the court necessarily assumed that the list of methods to prove knowledge contained within section 322.34(2) was intended to be exhaustive, and that proof of receipt of the notice must be by direct evidence. Although
 
 Brown
 
 may be distinguished,
 
 [3]
 
 we nevertheless disagree with its interpretation of the applicable statute.
 

 Assuming that section 322.34(2) is intended to provide an exhaustive list of the available methods for proving knowledge, the statute does not dictate that proof of receipt of the notice may only be made by direct evidence. The statute provides that knowledge is satisfied where the defendant “received a notice as provided in subsection (4).” Subsection (4) does not address
 
 *1018
 
 itself to the manner of providing notice, only that the order of suspension contain a notice provision. The manner of providing notice for this type of suspension order is contained in section 322.251. These two statutes must be construed together as they are interwoven by design.
 
 See Ferguson v. State,
 
 377 So.2d 709, 710 (Fla.1979) (statutes which pertain to closely related subject should be construed together). Section 322.251(1) directs that service be by either personal delivery or mail. Section 322.251(2) sets forth the effect of mail service, providing that record entry that notice was mailed is both admissible in evidence and constitutes sufficient proof that notice was given. The dictate that the record entry is admissible in court to prove that notice was given can serve no purpose other than to establish the receipt of such notice in a prosecution for driving in contravention of a suspension order. There are no other court proceedings where the receipt of notice would be germane. Thus, to conclude otherwise would render the entirety of section 322.251(2) meaningless.
 
 See Heart of Adoptions, Inc. v. J.A.,
 
 963 So.2d 189, 198 (Fla.2007) (court must give effect to every word, phrase, sentence, and part of statute; words in statute should not be construed as mere surplusage).
 
 [4]
 

 We also observe that the
 
 Brown
 
 court did not consider the effect of section 322.34(3), when it implicitly concluded that section 322.34(2) contains an exhaustive list of methods of proving knowledge.
 
 [5]
 
 That this list is not intended to be the sole method of proof on this issue is made clear by the application of that section. Section 322.34(3) provides that the court may consider evidence “other than that specified in subsection (2)” to establish a knowing violation. Therefore, even were we to conclude that subsection (2) requires proof of receipt by direct evidence, according to subsection (3), other methods of proof are nevertheless available, including the type of circumstantial proof used here. In a criminal prosecution, knowledge is rarely proven by direct evidence and may be proven through circumstantial evidence.
 
 Grant v. State,
 
 13 So.3d 163 (Fla. 1st DCA 2009);
 
 State v. Norris,
 
 384 So.2d 298 (Fla. 4th DCA 1980);
 
 Heineman v. State,
 
 327 So.2d 898 (Fla. 3d DCA 1976). Again, we are constrained by statutory construction principles to avoid any construction that renders an entire subsection meaningless.
 

 We do not view the unavailability of the statutory presumption set forth in section 322.34(2) to compel a different result.
 
 [6]
 
 The presumption arises when an order
 
 *1019
 
 containing a notice provision is entered in the driver’s record. The manner of service of the notice is immaterial to whether the presumption exists. In cases where the presumption applies, it is only necessary that the State prove that an order containing a notice provision is contained within its records. When the presumption is unavailable, the result is simply that the State is left to prove knowledge without the benefit of the presumption and must prove this element of the crime just as it would if the presumption never existed, and just as it would for any other element. The State must show that the defendant knew his license was suspended.
 

 Here, Appellant was aware that she was required to pay restitution under a court order and payment plan. She knew that she had failed to pay and knew, or should have known, that there would be consequences for her failure to abide by the court’s order. The clerk apparently mailed to her a copy of the request to the DHSMV to suspend her license. The statutory notice from the DHSMV was mailed to Appellant, properly addressed, as evidenced by the entry in the DHSMVs records. The State’s evidence, if believed, directly contradicted Appellant’s theory of innocence. It was up to the trial judge, sitting as trier of fact, to decide whether the State proved this element by a preponderance of the evidence, when weighed against Appellant’s protestations that she had been unaware of the suspension. It is not our function to reweigh this conflicting evidence.
 

 We acknowledge conflict with
 
 Brovm
 
 and with
 
 Haygood.
 

 AFFIRMED.
 

 EVANDER and JACOBUS, JJ., concur.
 

 [1]
 

 . We have previously stated that a proper mailing under this statute is “conclusive evidence of notice.”
 
 Fields v. State,
 
 731 So.2d 753, 754 n. 2 (Fla. 5th DCA 1999). Whether
 
 *1017
 
 conclusive or not, at the very least this evidence is sufficient to overcome a directed verdict on the notice issue. This statute embodies the general rule that properly addressed and stamped mail is presumed to have been received by the addressee.
 
 Brown v. Giffen Indus., Inc.,
 
 281 So.2d 897 (Fla.1973). To the extent that
 
 Fields
 
 discussed whether knowledge is an element, it has been superseded by a subsequent statutory amendment.
 

 [2]
 

 . Neither counsel addressed this statute in their briefs, although both acknowledged that the trial judge had relied upon our decision in
 
 Fields,
 
 731 So.2d at 754, which expressly addressed the effect of section 322.251.
 

 [3]
 

 .
 
 Brown
 
 may simply be read for the proposition that the circumstantial proof of notice was insufficient to overcome the defendant’s claim that he never received notice, where the burden of proof was beyond a reasonable doubt and there existed a discrepancy between the addresses where the notice was given and where the defendant resided at the time the notice was given.
 
 Brown
 
 also involved a different type of license suspension than we have here. In
 
 Brown,
 
 the suspension was for failure to pay a traffic fine, an express exception to the statutory presumption. Here, the suspension is for not paying restitution under a payment plan. Even if
 
 Brown
 
 is distinguishable, however, we are nevertheless in conflict with
 
 Haygood v. State,
 
 17 So.3d 894 (Fla. 1st DCA 2009), which relied upon
 
 Brown's
 
 interpretation of the statute.
 

 [4]
 

 . Of the two authorized methods of service, only personal delivery would provide direct proof of receipt. Certified mail, return receipt requested with restricted delivery, would be direct evidence of receipt, but it is not an authorized method of service under section 322.251. If the legislature had intended section 322.34(2) to mandate personal delivery, it could have so stated in simple terms.
 
 Fla. State Racing Comm’n v. McLaughlin,
 
 102 So.2d 574, 576 (Fla.1958) (failure of legislature to use simple terms to convey different meaning suggests different meaning not intended).
 

 [5]
 

 . It might be that the parties in
 
 Brown
 
 never brought this section to the attention of the court.
 

 [6]
 

 .Although not argued by the State, we note parenthetically that the exception to the presumption might not be applicable here in any event. It only applies when the suspension is for nonpayment of traffic fines or “a financial responsibility violation.” We think the latter form of suspension refers to suspensions under Chapter 324, Florida Statutes, which is the chapter that pertains to "Financial Responsibility.” Here the suspension was for an entirely different reason — failure to pay a court-ordered obligation under a payment plan pursuant to section 322.245(5)(a).