LEWIS, J.
Candie Marie Anderson seeks review of the decision of the Fifth District Court of Appeal in Anderson v. State, 48 So.3d 1015 (Fla. 5th DCA 2010), on the basis that it expressly and directly conflicts with the decisions of Brown v. State, 764 So.2d 741 (Fla. 4th DCA 2000), and Haygood v. State, 17 So.3d 894 (Fla. 1st DCA 2009), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

Facts

Candie Anderson entered a no contest plea to the charges of burglary of a dwelling, grand theft, and falsification of ownership to a pawnbroker. The trial court adjudicated her guilty of all three counts and sentenced her to five years imprisonment. However, the court suspended her sentence on the condition that she complete two years of community control followed by probation. The trial court also ordered her to pay monetary restitution to the victims of her crimes.
Before a meeting between Anderson and her probation officer, an arrest warrant had been issued for Anderson based on an alleged violation of her probation resulting from a failure to pay restitution. Due to Anderson’s failure to pay restitution, the Florida Department of Highway Safety and Motor Vehicles (DHSMV) had also suspended her driver’s license. One of the victims of Anderson’s crimes informed the probation officer she had seen Anderson driving while her license was suspended. Based on this tip, the probation officer checked the driving record of Anderson and confirmed Anderson’s license suspension.
Upon Anderson’s arrival at the meeting, the probation officer arrested her for violation of her probation due to her failure to *776 pay restitution. As the probation officer patted down Anderson, she discovered that Anderson had possession of automobile keys. Anderson admitted to the probation officer that the keys belonged to her and that she had driven a vehicle to the meeting. At the time Anderson drove the vehicle to the meeting, she allegedly did not have actual knowledge that her license was suspended, and she contended that she had not received a written notice of the suspension. She was charged with driving with a suspended license pursuant to section 322.34, Florida Statutes (2011). After her arrest, Anderson paid the required restitution, and the DHSMV reinstated her license. However, Anderson still faced a charge of violation of probation based upon the charge of driving with a suspended license.
During Anderson’s violation of probation hearing, defense counsel contended that the trial court should not find a violation of probation because the State had failed to satisfy the requirements of section 322.34(2), as it had not proven that Anderson had actual knowledge of her suspended license before she drove to the meeting with her probation officer. The driving record of Anderson indicated that the DHSMV mailed a written notice of the license suspension to the address on file for Anderson. The mailing was confirmed when the State entered the driving record of Anderson into evidence, which reflected that the DHSMV sent notice that was in compliance with section 322.251(1), Florida Statutes (2011).
Anderson testified that the address to which the DHSMV mailed the notice of suspension was her place of residence at the time of the license suspension and the DHSMV’s mailing. Defense counsel, however, contended that the fact that the DHSMV had mailed a written notice to Anderson’s address could not sustain a finding of actual knowledge of suspension and, therefore, did not support a finding of a violation of probation for driving with a suspended license. The trial court, however, found that the mailing was sufficient to place Anderson on notice of her suspended license. Therefore, the court held that she violated her probation, and it reinstated her original sentence that had been suspended.
On appeal, the Fifth District affirmed. See Anderson, 48 So.3d at 1018-19. In reaching its decision, the Fifth District construed sections 322.34 and 322.251(1) together. See id. at 1018. It explained that section 322.251(1) outlines the manner in which a notice of suspension is provided, and that those parameters apply to a charge of driving with a suspended license. See id. It also stated that section 322.251(1) permits notice either in person or by mail. See id. The district court then noted the rebuttable presumption of knowledge provided in section 322.34(2), stated that this presumption was unavailable in this case, and held that the unavailability of the presumption did not alter the outcome of this case. See id. at 1018-19. That rebuttable presumption was not available because this case involved a suspension for failure to pay a traffic fine or financial responsibility. See § 322.34(2). More specifically, the district court concluded that the State, even without the application of the rebuttable presumption, established the knowledge element when it presented evidence of the DHSMV’s mailing of written notice of Anderson’s license suspension to her correct address at the time of the mailing. See Anderson, 48 So.3d at 1019.
This review followed. At issue is whether the Fifth District misconstrued the knowledge requirement of section 322.34(2) in light of the decisions in Brown and Haygood. In those decisions, the dis *777 trict courts held that, in instances where section 322.34(2)’s rebuttable presumption does not apply, the State must prove that an individual has actually received notice of a license suspension to establish knowledge of that suspension. See Haygood, 17 So.3d at 896; Brown, 764 So.2d at 743-44.

Standard of Review and Principles of Statutory Construction

This case concerns a matter of statutory interpretation and construction, which is a question of law that this Court reviews de novo. See City of Parker v. State, 992 So.2d 171, 176 (Fla.2008). Legislative intent is the polestar that guides the interpretation and construction of a statute. See E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009). A court primarily discerns legislative intent by looking to the plain text of the relevant statute. See id. A court gives a statute its plain meaning when the language of the statute is clear and unambiguous and conveys a definite meaning. See Maddox v. State, 923 So.2d 442, 450 (Fla.2006). When the meaning of a statute is ambiguous, a court may turn to the rules of statutory interpretation and construction. See E.A.R., 4 So.3d at 629.
 One rule of statutory construction is the doctrine of in pari materia. See id. This principle requires courts to construe statutes that relate to the same subject matter together to harmonize those statutes and give effect to legislative intent. See id. Similarly, a statute is to be read as a consistent whole, and a court should accord meaning and harmony to all of its parts, with effect given to every clause and related provision. See Larimore v. State, 2 So.3d 101, 106 (Fla.2008).

Applicable Statutes and Case Law

Under section 322.34(2), Florida Statutes (2011), any person who drives while his or her license is cancelled, suspended, or revoked, with knowledge of this fact, may be convicted of driving while a license is cancelled, suspended, or revoked, which is classified as either a misdemeanor or a felony of the third degree. The text of section 322.34(2)-(4) is as follows:
(2) Any person whose driver’s license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4). There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (L) appears in the department’s records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.
(3) In any proceeding for a violation of this section, a court may consider evidence, other than that specified in *778 subsection (2), that the person knowingly violated this section.
(4) Any judgment or order rendered by a court or adjudicatory body or any uniform traffic citation that cancels, suspends, or revokes a person’s driver’s license must contain a provision notifying the person that his or her driver's license has been canceled, suspended, or revoked.
(Emphasis added). In section 322.251(1), Florida Statutes (2011), the Florida Legislature delineated what constitutes notice of a cancellation, suspension, or revocation:
All orders of cancellation, suspension, revocation, or disqualification issued under the provisions of this chapter, chapter 318, chapter 324, or ss. 627.732-627.734 shall be given either by [1] personal delivery thereof to the licensee whose license is being canceled, suspended, revoked, or disqualified or [2] by deposit in the United States mail in an envelope, first class, postage prepaid, addressed to the licensee at his or her last known mailing address furnished to the department. Such mailing by the department constitutes notification, and any failure by the person to receive the mailed order will not affect or stay the effective date or term of the cancellation, suspension, revocation, or disqualification of the licensee’s driving privilege.
(Emphasis added.)
In 1999, the Fifth District reviewed a conviction under section 322.34 for driving with a revoked license, and specifically addressed what constitutes notice under section 322.251. See Fields v. State, 731 So.2d 753, 753-54 (Fla. 5th DCA 1999). However, Fields pertained to the 1997 version of section 322.34, which did not contain the complete knowledge definition provided in the present version of section 322.34(2) that is the subject of this appeal. See id. Rather, in 1997, section 322.34(2) only provided the following: “The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4).” Ch. 97-300, § 40, at 5414, Laws of Fla. In 1998, the Legislature amended section 322.34(2) and constructed the current definition, which the courts considered in Brown and Haygood, and which is at issue in the present case. See ch. 98-223, § 12, at 2108-09, Laws of Fla. Compare § 322.34, Fla. Stat. (1997), with § 322.34(2), Fla. Stat. (1998 Supp.). Specifically, the 1998 Laws of Florida added the rebuttable presumption to the knowledge definition of section 322.34(2) and formulated the current statutory version. The language added in 1998 as underlined below demonstrates:
The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4). There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) appears in the department’s records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.
Ch. 98-223, § 12, at 2109, Laws of Fla.; see also § 322.34, Fla. Stat. (2011).
In Fields, the defendant contended that the trial court erred when he was convicted of driving with a revoked license because the court should have instructed the jury that the State was required to establish that the defendant knew the DHSMV had revoked his license. See Fields, 731 *779 So.2d at 753. The State established that it sent written notice of the revocation to the defendant by mail. See id. at 754. The Fifth District held that this satisfied the notice requirement of section 322.251 and, concomitantly, the knowledge requirement of section 322.34. See id. The district court concluded that the scienter element of section 322.34 did not require actual knowledge. See id.
After Fields, the Fourth District Court of Appeal decided Brown, which applied the current version of section 322.34(2) that is applicable in this appeal. See Brown, 764 So.2d at 742-43. There, the defendant was convicted of driving with a suspended license. See id. at 742. At trial, the State introduced a copy of the driving record of the defendant into evidence. See id. The driving record listed the same address as the defendant’s license, stated that the license was suspended for failure to pay a traffic fine, and provided that the required statutory notice of suspension had been sent by mail. See id.
The Fourth District examined the text of section 322.34(2) and its knowledge definition. See id. at 743. The district court stated that, because the case before it involved a suspension for failure to pay traffic fines, the plain text of section 322.34(2) removed the rebuttable presumption that the notice sent to the defendant’s address fulfilled the knowledge requirement of section 322.34(2). See id. It held that, absent the invocation of this presumption, the plain language of section 322.34(2) requires the State to prove the defendant actually received notice of the suspension. See id. at 744. The district court also noted that the only evidence presented by the State with regard to notice was the driving record of the defendant that reflected notice was mailed to the address of record, but that there was no evidence that Brown still resided at the same address when the notice was mailed. See id. The Fourth District concluded that the mailing of the notice itself, given the lack of application of the presumption of section 322.34(2), was insufficient to establish that the defendant actually received notice of his license suspension. See id. The court accordingly held that the State failed to establish that the defendant received notice and reversed his conviction for driving with a suspended license. See id.
After the Brown decision, the First District decided Haygood, which also applied the current version of section 322.34. See Haygood, 17 So.3d at 895-96. There, the defendant was convicted of driving with a suspended license. See id. at 895. The First District reversed the conviction because the State presented insufficient evidence to demonstrate that the defendant had knowledge of his license suspension. See id. As in Brown, the State introduced a copy of the driving record of the defendant into evidence, which reflected that the defendant’s driver’s license was suspended for failure to pay a traffic fine and child support. See id. Unlike the driving record in Brown, however, the driving record for the defendant in Haygood failed to list the address of the defendant. See id. Nonetheless, it did provide that, in compliance with section 322.251, notice of the suspension had been provided to the defendant. See id.
In rendering its decision, the First District agreed with and adopted the reasoning in Brown. See id. at 896. The district court held that the reasoning in Brown was in accord with the plain text of section 322.34. See id. The district court stated that according to the driving record of the defendant, the license suspension was due to failure to fulfill a financial responsibility. See id. It held that this negated the appli *780 cation of the rebuttable presumption in section 322.34(2) with regard to knowledge created by an entry in the DHSMV record, and thus required that the State present evidence that the defendant actually received notice of his license suspension. See id. The district court concluded that the State failed to satisfy this requirement because the mere fact that the driving record of the defendant listed his license suspension did not establish that the defendant actually received notice of that suspension. See id. It reversed the defendant’s conviction for driving while his license was suspended. See id.

Decision Below

In the decision below, the Fifth District correctly held that the State sufficiently established the knowledge requirement of the current version of section 322.34(2) because (1) the mailing of the written notice of suspension satisfied the notice requirement of section 322.251(1), and (2) the State proved that this was the address of Anderson at the time of the mailing. This result is in accord with the plain language of sections 322.34 and 322.251(1), as construed together and taken as a whole.
As provided by the Legislature, the knowledge requirement of section 322.34(2) is fulfilled when an individual “received notice” of that suspension as contemplated in section 322.34(4). (Emphasis added.) Subsection (4) of 322.34 mandates that any judgment or order rendered by a court or adjudicatory body or uniform traffic citation that results in the cancellation, suspension, or revocation of a license must contain a provision notifying the person of that action. Section 322.251(1), which concerns the same subject matter as section 322.34 — i.e., driving while a license is can-celled, suspended, or revoked — explicitly outlines two mechanisms for delivery of a written notice of a license suspension, revocation, or cancellation under section 322.34. See § 322.251(1). The first mechanism is to provide the notice “by personal delivery.” Id. The second mechanism is to “deposit [the notice] in the United States mail in an envelope, first class, postage prepaid, addressed to the licensee at his or her last known mailing address furnished to the [DHSMV].” Id. (emphasis added).
Here, the State sufficiently proved knowledge by verifying that the DHSMV sent notice of Anderson’s license suspension by mail and that Anderson received it. More specifically, it established that it sent notice of the license suspension in accordance with section 322.251(1), i.e., it entered into evidence the driving record of Anderson, which illustrated that the DHSMV mailed written notice of Anderson’s license suspension to her last known address. The State then established that Anderson received that notice, as evidenced by the testimony of Anderson that she resided at the address to which the DHSMV sent the notice at the time of the mailing. Section 322.34(3) permits the consideration of this type of testimony as evidence of receipt .of notification and knowledge of a license suspension. See § 322.34(3) (permitting a court to consider evidence of knowledge, “other than that specified in subsection (2),” when it determines whether an individual knew of a license suspension).
Anderson contends that, in cases such as hers — i.e., when an individual’s license is suspended due to failure to fulfill a financial responsibility — the rebuttable presumption in section 322.34(2) does not apply. She asserts that the State, therefore, must prove that she actually received the notice and had actual knowledge of her suspension.
The Legislature, however, did not contemplate such an exacting burden of proving actual knowledge for the State, even in *781 instances when the rebuttable presumption of knowledge in section 322.34(2) does not apply. Rather, the plain language of section 322.34(2) permits the State, in instances of a suspension for a reason other than the failure to fulfill a traffic fine or some other financial responsibility, to invoke a rebuttable presumption of knowledge. To do so, the State must only establish that a judgment or order of suspension as provided in section 322.34(4) has been entered on an individual’s driving record. When, as in this case, the suspension is for failure to fulfill a traffic fine or financial responsibility, the plain language of section 322.34(2) negates the applicability of that presumption. The language of that section, however, does not alter the requirement that the State, even without the invocation of the rebuttable presumption, must prove only that the individual received notice. Here, the State fulfilled this burden by establishing that the DHSMV mailed Anderson written notice of her suspension to the address where she resided at the time of the mailing.

Conclusion

Accordingly, we hold that the Fifth District properly affirmed Anderson’s license suspension and the revocation of her probation. We, therefore, affirm the decision below. We disapprove Brown and Hay-good to the extent that those decisions conflict with the opinion of this Court.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.