POLEN, C.J.
Emile Quest was stopped by police on August 9, 2001, for allegedly pointing a handgun at a passing vehicle while driving on 1-95. The field officer checked Quest’s license, and learned his license had been suspended indefinitely on December 4, 2000 for failure to comply with a traffic citation or summons in North Carolina. Quest was charged, and convicted of, aggravated assault and driving with a suspended license. Quest does not challenge the aggravated assault conviction. However, he contends the trial court erred in *1107 denying his motion for judgment of acquittal on the driving with a suspended license charge, where the State failed to establish he had “knowledge” that his license was suspended. We agree.
Under section 322.34(2), Florida Statutes (2001), an individual is guilty of the criminal offense of driving with a suspended license if he or she drives a motor vehicle in the state of Florida while knowing of such suspension. Elaborating on this knowledge requirement, the statute further provides:
The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4). There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) appears in the department’s records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation. Id.
One who unknowingly drives with a suspended license is guilty of only a noncriminal moving violation, punishable pursuant to chapter 318. See § 322.34(1), Fla. Stat. Where the State fails to establish one drove with knowledge of a suspension, the trial court should enter a judgment of acquittal on the charge of driving with a suspended license under section 322.34(2). See Brown v. State, 764 So.2d 741 (Fla. 4th DCA 2000).
Here, the only evidence the State offered in its ease-in-chief relating to Quest’s supposed “knowledge” of his license suspension consisted of a certified copy of his driving record. Although this record, as interpreted by a Florida Highway Patrol Trooper, provided Quest’s license had been suspended a number of times between 1997 and 1998, it did not reflect Quest had been sent notice of the December 4, 2000, suspension at the time of the suspension.[1] Although Quest admitted having received some correspondence in the past regarding his 1997-98 suspensions on cross, he provided he had moved within the past year and vehemently denied ever receiving notice of the December 2000 suspension. Since the State did not introduce any evidence that Quest received notice of his December 2000 suspension (much less that notice was even sent out), and Quest did not admit knowledge of the instant suspension, the conviction for driving with a suspended license under section 322.34(2) cannot stand.
We reject the State’s contention that Quest should be imputed knowledge of the December 2000 suspension since he was cited for driving with a suspended license on two previous occasions: once in August of 1997 (convicted in January of 1998) and once in February of 1998 (convicted in April of 1998). These past two citations under section 322.34(1), for prior suspensions (which were subsequently reinstated), do not impute knowledge of the new December 2000 suspension. See § 322.34(2). Knowledge of the particular suspension at issue, whether by way of direct proof or one of the statutory presumptions, must be established in order to support a conviction for driving with a suspended license under section 322.34(2).
Accordingly, Quest’s conviction for driving with a suspended license must be reversed.
*1108 REVERSE conviction for driving with a suspended license.
STONE and TAYLOR, JJ., concur.

. Although the certified record provided correspondence had been sent out, our review of the dated entries, and the FHP Trooper’s testimony, suggest correspondence was sent out each time Quest's license was reinstated, not when it was suspended. Regarding the instant suspension, Quest reinstated his license on August 15, 2001, after the arrest.