PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant has stated a facially sufficient claim that his counsel was ineffective in failing to argue in the motion for judgment of acquittal that the state had failed to prove the necessary elements of the offense of driving while license suspended because the appellant never received notice that his license was suspended, we reverse. All other issues are affirmed without further discussion.
Following a jury trial, the appellant was convicted and sentenced for fleeing in an attempt to elude a law enforcement officer, driving while license was suspended, and possession of a controlled substance. This court affirmed his judgment and sentence. Baker v. State, 869 So.2d 542 (Fla. 1st DCA 2004) (unpublished table opinion).
In the instant rule 3.850 motion, the appellant alleges that his counsel was ineffective for failing to argue in the motion for judgment of acquittal that the state failed to prove the element of knowledge required for driving while license was suspended. Under section 322.34(2), Florida Statutes (2002), an individual is guilty of the criminal offense of driving with a suspended license if he drives a motor vehicle while knowing of such a suspension. See § 322.34(2), Fla. Stat. (2002)(emphasis added). “The element of knowledge is satisfied if the person has been previously cited [with driving with a suspended license] ...; or the person admits to knowledge of the ... suspension; or the person received notice [of the suspension].” Id. The statute provides for a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order suspending the person’s license appears in the department’s records for any case except for one involving a suspension for failure to pay a traffic fine. Id. One who unknowingly drives with a suspended license may only receive a moving violation and is not subject to punishment for a' third-degree felony. See § 322.34(1), Fla. Stat. (2002).
Here, the appellant’s license was suspended because he failed to pay a ticket. *963 Thus, the state did not benefit from the statutory presumption and was required to prove knowledge. Because the appellant alleges that his driving record was never entered into evidence and the state never introduced any evidence of notice, that he did not have knowledge of the suspension, and that he did not receive any notice, his motion is facially sufficient. See Quest v. State, 837 So.2d 1106, 1107 (Fla. 4th DCA 2003)(reversing the appellant’s conviction because the state failed to demonstrate knowledge of suspension).
We, therefore, reverse the summary denial of the appellant’s claims for ineffective assistance of counsel regarding the failure to argue in a motion for judgment of acquittal that the state failed to prove the element of knowledge and remand to the trial court to hold an evidentiary hearing or attach record portions conclusively refuting the appellant’s claims. All other issues are affirmed without comment.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DAVIS, BENTON and VAN NORTWICK, JJ., concur.