**Commonwealth v. Williams**

C.P. of Crawford County, no. MD 198-2006.

*Craig A. Howe,* for Commonwealth.
*Bruce A. Barrett,* for defendant.

VARDARO, *J.,* August 10, 2006—This matter has come before the court for a summary appeal hearing regarding an alleged violation of section 1371 of the Motor Vehicle Code (75 Pa.C.S. §1371). That section states the following:

"*Operation following suspension of registration.*—

"*(a) General rule.*—No person shall operate and no owner shall permit to be operated upon any highway of a vehicle the registration of which has been suspended."

The only testimony elicited at the time of the summary appeal hearing came from the arresting officer, Corporal Edward Kightlinger of the Meadville City Police Department. Corporal Kightlinger testified that at approximately 9:15 p.m. on April 21, 2006, he was on routine patrol in a marked police vehicle in full uniform. He was stopped at the intersection of Arch Street and the Meadville bypass behind a vehicle that he ultimately determined was being driven by the defendant. Both vehicles were in a lane to make a left-hand turn to go south on the bypass and apparently heavy rain was falling at the time. When the defendant's vehicle made the turn, he did not go all the way to the southbound lane and, therefore, was going south in the northbound lane. Corporal Kightlinger observed the brake lights on the defendant's vehicle light up and then the defendant's vehicle was put into reverse and he got into the correct lane to go southbound on the Meadville bypass.

The officer pulled the defendant's vehicle over and asked for his driver's license, registration and insurance card, asking him if he understood why he had been stopped. The defendant apparently did indicate that he realized that he had turned south into the northbound lane, but attributed his error to the hard rain that was falling.

Corporal Kightlinger determined that the defendant's driver's license was valid, but that the registration for the vehicle the defendant was driving was suspended due to an insurance cancellation. The corporal noted that the vehicle was not registered to the defendant so he went back to the defendant to ask him to clarify that issue.

The defendant indicated that the vehicle was his sister's from Bradford and that he was using it. He further

indicated to the officer that he didn't realize that the registration was expired, called his sister on a cell phone immediately and Corporal Kightlinger spoke with her on the telephone.

Apparently the defendant's sister indicated that she did not know that the registration was suspended, but that she had changed insurance companies, apparently resulting in some lapse of insurance coverage in the past. She indicated she did not know she had to return the license plate to the Department of Transportation when she did not have insurance and then renew the insurance coverage.

The officer testified that there was, in fact, valid insurance on the vehicle on April 21, 2006, and that a registration sticker indicating that the registration was good through June 2006 was on the license plate on the vehicle the defendant was driving.

## DISCUSSION

The plain language of section 1371 would seem to indicate that a person operating the motor vehicle with a suspended registration is guilty of this offense whether or not that person has knowledge of the suspension of the registration.

There are no appellate or even county court cases that address that issue.

We, therefore, will consider this issue as a case of first impression, at least in Crawford County.

In doing so, we look to appellate court decisions regarding other sections of the Motor Vehicle Code that are worded similarly.

Section 1543(b) of the Motor Vehicle Code (75 Pa. C.S. 1543(b)), which addresses driving while operating privileges are suspended or revoked DUI related, states the following:

"*(b) Certain offenses.*—

"(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under the influence or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to driver's license compact for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense . . . ."

Obviously, that subsection of the Motor Vehicle Code, similar to section 1371, seems to indicate that the Commonwealth does not have to prove that a defendant had knowledge of the suspension, revocation or cancellation of that defendant's operating privilege to prove a defendant guilty of this offense.

The Superior Court of Pennsylvania, however, in addressing criminal culpability for a violation of section 1543(b), has clearly held that actual notice of the driver's license suspension is necessary for a defendant to be convicted for a violation of that subsection. *Commonwealth v. Brewington,* 779 A.2d 525 (Pa. Super. 2001).

As the court pointed out in that case, actual notice can be inferred by circumstantial evidence, but in the case before us it is conceded by the Commonwealth that the

defendant did not have actual notice that the registration was suspended when he was driving his sister's vehicle.

The Superior Court of Pennsylvania has reached a similar conclusion that "actual notice" is necessary for a conviction under section 1606 of the Vehicle Code (75 Pa.C.S. §1606) regarding the suspension of a commercial driver's license and again, a review of the language of that statute would seem to indicate a defendant could be convicted regardless of his knowledge or "actual notice" of the suspension. *Commonwealth v. Rose,* 820 A.2d 164 (Pa. Super. 2003).

We, thus, conclude that the same logic must apply to a violation of section 1371. That conclusion is particularly compelling in this case where the defendant was not the owner of the vehicle; there was what appeared to be a valid registration card in the vehicle; the vehicle had a license plate with what appeared to have a valid sticker on it and there was a valid insurance card in the vehicle. Further, there was no indication that the defendant had "actual knowledge" that the registration had been suspended for the vehicle.

Accordingly, we will enter the following verdict:

## VERDICT

And now, August 10, 2006, after a summary appeal hearing, for the reasons we have set forth in the attached memorandum, we find that the defendant is not guilty of violating section 1371 of the Motor Vehicle Code.

Any fines or costs that have been paid by the defendant that are refundable fines and costs shall be refunded to him by the clerk of courts forthwith.