J-S48022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| J. JESUS LANDEROS | : | |
| | : | |
| Appellant | : | No. 1034 EDA 2018 |

Appeal from the Judgment of Sentence March 21, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-SA-0000341-2017

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                 **FILED SEPTEMBER 12, 2018**

J. Jesus Landeros (Appellant) appeals from the judgment of sentence imposed following his conviction of driving while operating privilege is suspended or revoked – DUI related.[1]  We affirm.

On August 7, 2017, Officer Brandon Schippers (Officer Schippers) of the Forks Township Police Department was on patrol near George Street in Forks Township, Northampton County, Pennsylvania.  Officer Schippers initiated a traffic stop when he observed Appellant driving southbound on George Street in a white Chevrolet van that was missing a rearview mirror and had a cracked windshield.  During the stop, Appellant provided Officer Schippers with a Texas driver's license.  While running a check on Appellant's Texas license on his

_____

[1]  75 Pa.C.S.A. § 1543(b)(1).

_____

* Retired Senior Judge assigned to the Superior Court.

patrol car's computer, Officer Schippers discovered that Appellant's Pennsylvania driving privileges were suspended.

Officer Schippers cited Appellant for driving while operating privilege is suspended or revoked – DUI related, a summary offense. *See* 75 Pa.C.S.A. § 1543(b)(1). On November 13, 2017, the magisterial district judge found Appellant guilty of that offense and Appellant filed a timely summary appeal. On March 21, 2018, the trial court held a summary appeal hearing. At the hearing, Appellant's certified driving record was entered into evidence without objection. Appellant's driving record indicated that he had a prior conviction of DUI for which his license was suspended. Importantly, Appellant's driving record revealed that Appellant participated in an accelerated rehabilitative disposition (ARD) program that he had entered following his DUI conviction. Appellant did not dispute that he was required to turn in his license at the beginning of the ARD program. Appellant's driving record further revealed that the Pennsylvania Department of Transportation (PennDOT) mailed an official notice of suspension to Appellant at his address of record at the time of the suspension. Appellant's driving record indicated that as of the date of the traffic stop at issue in this case, Appellant's Pennsylvania driver's license remained suspended.

At the conclusion of the hearing, the trial court determined that Appellant had actual notice of his license suspension and sustained the magisterial district judge's decision finding him guilty of violating Section

1543(b)(1) of the Vehicle Code. The same day, the trial court sentenced Appellant to 60 days of incarceration in the Northampton County Prison and assessed a fine of $500.00. On March 28, 2018, Appellant timely appealed to this Court.[2]

On appeal, Appellant raises the following issue for review:

DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT HAD ACTUAL NOTICE OF A DUI RELATED SUSPENSION?

Appellant's Brief at 5.

Appellant argues that the trial court erred in concluding that Appellant had actual knowledge of his license suspension based on his entry into the ARD program and his presentation of a Texas driver's license during the traffic stop. Appellant asserts that the trial court's conclusion that he had actual knowledge of the license suspension was based on "pure speculation" because

---

[2] On April 12, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On April 17, 2018, Appellant timely filed his Rule 1925(b) statement. On April 25, 2018, the trial court filed a statement indicating that in lieu of filing a memorandum opinion, the court would "rely on the record and that no further statement was necessary." Rule 1925(a) Statement, 4/25/18. We remind the trial court that under Rule 1925(a)(1), the judge who entered the order giving rise to the notice of appeal "shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a). Here, the trial court's 1925(a) statement neither provides its reasons for the order nor indicates the place in the record where such reasons may be found. Because we can discern the reasoning underlying the trial court's decision in this case from the transcript of the summary appeal hearing, we decline to remand for a filing of a proper Rule 1925(a) opinion.

nothing in the record imputes actual knowledge of the suspension onto Appellant.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). "[I]n a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether any error of law was committed and whether the decision is a manifest abuse of discretion."

*Commonwealth v. Rose*, 820 A.2d 164, 169 (Pa. Super. 2003) (quotations and citations omitted).

Appellant challenges his conviction of driving while operating privilege is suspended or revoked under Section 1543(b)(1) of the Vehicle Code, which states:

> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) . . . shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

Regarding convictions under Section 1543(b)(1), we have explained:

> In *Commonwealth v. Kane*, [] 333 A.2d 925, 927 ([Pa.] 1975), our Supreme Court held that it is necessary for the Commonwealth to prove that the defendant had actual notice of a suspension in order to sustain a conviction of driving while under suspension. As this Court described the requirement in *Commonwealth v. Crockford*, [] 660 A.2d 1326, 1329 ([Pa. Super.] 1995), actual notice is "a judicially created element, designed to protect a defendant's due process rights."
>
> . . . In *Kane*, the Court determined that the evidence offered to prove actual notice was insufficient where the only evidence of actual notice was a notice of suspension that was mailed to the defendant. *Kane*, 333 A.2d at 927. "Mailed letters do go astray for a variety of reasons. Criminal conviction requires proof beyond a reasonable doubt and that standard is not satisfied when one of the elements which must be proven is actual notice, and the only evidence presented is that a notice was mailed." *Id.* As this Court has held, however, "[w]hen notice is mailed to the appellant and additional evidence exists indicating that appellant received notice of suspension, then the evidence can be sufficient to prove actual

notice." **Commonwealth v. Gray**, [] 514 A.2d 621, 622 ([Pa. Super.] 1986)[.]

**Commonwealth v. Harden**, 103 A.3d 107, 112-13 (Pa. Super. 2014). "The Commonwealth is required to establish actual notice which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." **Id.** at 114.

In **Commonwealth v. Zimmick**, 653 A.2d 1217 (Pa. 1995), our Supreme Court set forth a non-exhaustive list of factors courts may consider in determining whether an individual accused of violating subsection 1543(b)(1) had actual notice of a license suspension:

> Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

**Zimmick**, 653 A.2d at 1221.

In this case, the trial court determined that Appellant had actual knowledge of the license suspension based on his application to and involvement in the ARD Program and his presentation of a Texas driver's license during the traffic stop. The transcript of Appellant's summary appeal reflects the following:

THE COURT: . . . The testimony is that [Appellant] proffered a Texas driver's license here.

[Defense Counsel]: Right.

THE COURT: Ostensibly, that gives an indication that he may have dual citizenship and may be permitted to have a Texas driver's license. But it also creates the inference that [Appellant] displayed the Texas license because he had the knowledge, based upon his experience with the Pennsylvania system, ARD et cetera, that his driver's privileges were suspended.

\* \* \*

THE COURT: Well, I mean, if you want to offer evidence that the records of the Commonwealth do not contain notice that [Appellant] knew about the, you know, the suspension, of course there is this hurdle called the ARD Application. He went through the ARD process, which imputes to him a specific knowledge about being notified, being charged, making an application for the ARD Program, participating in the program. There's a whole body of knowledge which can't be ignored within the context of notice.

\* \* \*

THE COURT: . . . . I'm going to deny your motion. And in so doing, I'm going to just go a little bit further in our discussion again. Because evidence takes the form of not only written documents, but evidence comes in through the testimony of the parties that are before the Court. You know that. It's axiomatic. This case, the testimony in this case, which hoists your client on his own guitar [*sic*], if you know what I mean by that expression, is his participation in the ARD Program. And his knowledge, therefore, that he was charged, that he made an attempt to avoid the charges; that is, to resolve the charges, by making an application to the ARD Program, and participating in the Program. Independent of that fact, I would be more focused on the notice issue. And I'm denying your motion because of that reason. Because the evidence in this case is such that I believe your client – make a finding that your client had notice of a previous suspension of his license.

N.T., 3/21/18, at 13, 15, 18-19.

Upon review, we conclude that the evidence was sufficient to support the trial court's finding that Appellant had actual notice of his license suspension. Appellant's certified driving record indicates that his license was suspended at the time of the traffic stop underlying this case. N.T., 3/28/18, at 8-10, Exhibit 1. Additionally, Appellant's driving record reveals that PennDOT received from Appellant an affidavit acknowledging his license suspension. *Id.* at 10, Exhibit 1. Appellant's driving record also reflects that as a result of the DUI conviction that led to the license suspension, he enrolled and participated in an ARD program. *Id.* As the trial court pointed out, Appellant's involvement in the ARD program created the inference that Appellant was aware of his prior DUI conviction and the consequences of that conviction, including the license suspension. Appellant's driving record further indicates that PennDOT mailed notice of the license suspension to him. *Id.* at Exhibit 1. There is no evidence that this notice was returned to PennDOT as undeliverable. Moreover, the record reveals that despite residing in Pennsylvania, Appellant presented Officer Schippers with a Texas driver's license, leading to the reasonable implication that Appellant knew that his Pennsylvania license was suspended. *Id.* at 6.

These facts and circumstances, taken together, support the trial court's finding that Appellant had knowledge of his license suspension at the time of his traffic stop. *See Harden*, 103 A.3d at 114. Accordingly, we find no merit to Appellant's sufficiency claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/18