J-A04003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KRISTIN MARNOCH | : | No. 517 EDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006597-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 29, 2024**

The Commonwealth of Pennsylvania appeals from the January 25, 2023 order granting Appellee Kristin Marnoch's ("Appellee") motion to dismiss pursuant to the prompt trial rule under Pa.R.Crim.P. 1013. Upon review, we reverse and remand.

On October 2, 2019, Appellee was arrested and charged with two counts of driving under the influence of a drug or combination of drugs ("DUI") and one count of driving while operating privileges are suspended or revoked. On April 27, 2022, after the issuance and service of multiple bench warrants, Appellee was found guilty of DUI in Philadelphia Municipal Court, and the Commonwealth withdrew the charge of driving under suspension. On September 6, 2022, Appellee was sentenced to one to two years of

_____

[*] Retired Senior Judge assigned to the Superior Court.

incarceration. On September 13, 2022, Appellee filed a timely *de novo* appeal to the Court of Common Pleas of Philadelphia County pursuant to Pa.R.Crim.P. 1006.[1] The case was scheduled for a first listing on October 24, 2022.

The Commonwealth filed an information on October 5, 2022, which included the previously withdrawn charge of driving under suspension. On October 13, 2022, Appellee filed an omnibus pretrial motion to suppress evidence.[2] Though not indicated on the docket, the trial court held a pretrial conference on October 24, 2022, wherein Appellee's counsel informed the Commonwealth that the information was incorrect because it included the previously withdrawn charge. *See* N.T., 1/25/23, at 5. Thereafter, the trial court scheduled a waiver trial for January 25, 2023.

Prior to the trial date, on January 13, 2023, Appellee filed a motion to quash the information and a petition to dismiss due to a violation of her speedy trial rights pursuant to Pa.R.Crim.P. 1013(g) because more than 120 days had elapsed since the filing of the *de novo* appeal. *See* Petition to Dismiss, 1/13/23, at 2 (unpaginated). She argued that the Commonwealth did not act with due diligence because it failed to correct its information to remove the previously withdrawn charge. *Id.* at 3-4 (unpaginated).

_____

[1] Rule 1006 provides, "Immediately after imposition of sentence, the judge shall inform the defendant in the case of a trial and verdict of guilty of the right . . . to appeal *de novo* within 30 days without costs." Pa.R.Crim.P. 1006(A)(1)(a).

[2] The record is silent as to whether Appellee's motion to suppress was heard by the trial court.

Following argument on January 25, 2023, the trial court granted Appellee's motion and dismissed all charges. This appeal followed. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925. The Commonwealth raises a single issue for our review:

> Did the lower court err by dismissing all charges under Rule 1013, where the Commonwealth was ready for trial within 120 days of [Appellee] filing a de novo appeal in the Philadelphia Court of Common Pleas, and where [Appellee] was not brought to trial before the mechanical run date only because the [trial] court had scheduled trial beyond the mechanical run date?

Commonwealth's Brief at 4.

Our standard of review for evaluating claims brought pursuant to Pa.R.Crim.P. 1013 is the same as claims made under Pa.R.Crim.P. 600. *Commonwealth v. Preston*, 904 A.2d 1, 9 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007). We review speedy trial rulings for an abuse of discretion. *Id.* "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Commonwealth v. Burno*, 154 A.3d 764, 793 (Pa. 2017) (internal citation omitted). We view the facts in the light most favorable to the prevailing party, and our scope of review is limited to the hearing record. *Preston*, 904 A.2d at 9.

Rule 1013 protects an individual's right to a speedy trial in Philadelphia Municipal Court and provides that "[a] trial *de novo* in the Court of Common Pleas shall commence within a period of 120 days after the notice of appeal

- 3 -

from the Municipal Court is filed. **In all other respects the provisions of Rule 600 shall apply** to such trials in the Court of Common Pleas." Pa.R.Crim.P. 1013(G) (emphasis added). "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). In ruling on a Rule 600 motion,

> a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion. Otherwise, the due diligence component of Rule 600 "would have little, if any, meaningful import." [**Commonwealth v. Mills**, 162 A.3d 323,] 327 (Wecht, J., concurring).

**Commonwealth v. Harth**, 252 A.3d 600, 618 (Pa. 2021).

Due diligence is fact-specific and determined on a case-by-case basis. **See Commonwealth v. Claffey**, 80 A.3d 780, 786 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). Due diligence "requires the Commonwealth to put forth a reasonable effort but does not demand perfect vigilance or punctilious care." **Id.**

Here, the trial court found that the Commonwealth did not act with due diligence in correcting the information:

> [T]he Commonwealth failed to bring Appellee to trial before the adjusted run-date passed. Appellee filed a *de novo* appeal on

September 13, 2022, which triggered the mechanical run-date of January 11, 2023. Appellee never caused a single delay throughout the entirety of the case, so there is no "excludable time." The trial date was scheduled for January 25, 2023, and under **Harth**, 14 days beyond the mechanical run-date would not run afoul of Rule 1013(G) timing requirements if the Commonwealth can prove due diligence throughout the life of the case. Since Appellee's case was not tried within the required timeframe under 1013(G), a due diligence analysis of the Commonwealth is necessary to determine whether Appellee must be discharged.

The Commonwealth failed to meet its burden in demonstrating due diligence throughout the entirety of the case because it failed to file [] accurate Bills of Information within 120 days of Appellee filing an appeal. At the pretrial conference, the Commonwealth testified to the additional charge on the Bills of Information as "essentially a type-o," however, an amendment was never made by the Commonwealth. There exists a duty by the Commonwealth to make such amendments however simple the task may be, which further solidifies the Commonwealth's failure in taking reasonable efforts to prosecute the case.

Trial Court Opinion, 5/2/23, at 4-5. While the trial court correctly set forth the applicable law, we disagree with its application to this case.

Appellee was initially charged with two counts of DUI, ungraded misdemeanors, and a summary offense of driving under a suspended license. Prior to her trial in Philadelphia Municipal Court, the Commonwealth withdrew the summary offense. **See** Commonwealth's Brief at 5-6. Appellee was found guilty of DUI and filed a *de novo* appeal on September 13, 2022, which triggered the mechanical run date of January 11, 2023.

When a *de novo* appeal is filed, the Commonwealth "shall prepare an information and the matter shall thereafter be treated in the **same manner as any other court case**." Pa.R.Crim.P. 1010(A)(2) (emphasis added). The

Commonwealth and the trial court mistakenly believed that if a charge is *withdrawn* it cannot be subsequently reinstated. This is an incorrect understanding of the law.

Here, the summary offense was voluntarily withdrawn by the Commonwealth, and not dismissed. "Since the withdrawal acted as neither an acquittal nor a conviction, double jeopardy did not attach to the citations that were withdrawn." **Commonwealth v. Rose**, 820 A.2d 164, 168 (Pa. Super. 2003). This Court in **Rose** found that even though the parties entered into a plea agreement to withdraw certain charges, appellant had a right to appeal from the district judge. **Id.** "However, since the charges were not dismissed but withdrawn, the Commonwealth also had a right to reinstate those charges at the summary appeal trial." **Id.**

The same is true here. The Commonwealth voluntarily withdrew the summary offense. Appellee was convicted of DUI and filed a *de novo* appeal, which is her right. As a result, the Commonwealth also had a right to reinstate the summary offense of driving under suspension. **See id**. Further, there is no indication that the failure to "correct" the information delayed the trial in any way. At most, it was a ministerial act that could have been done at any time without delaying trial as it did not prejudice Appellee. Thus, the trial court abused its discretion in finding that the Commonwealth failed to act with due diligence that caused delay to the trial in this case.

Returning to the merits, Rule 600(C) provides[3] that time in which the Commonwealth failed to exercise due diligence is to be included in the computation of time in which trial is to commence; all other periods of delay are to be excluded. We previously stated that the mechanical run date was January 11, 2023, and that the trial court scheduled Appellee's waiver trial for January 25, 2023. The trial date exceeded the mechanical run date of January 11, 2023 by 14 days. The record indicates that the Commonwealth was always ready to proceed after the *de novo* appeal was filed and was even prepared to proceed to trial on January 25, 2023. **See** N.T., 1/25/23, at 8. The trial court's calendar is the only reason that this case was scheduled beyond the mechanical run date; therefore, there was no delay attributable to the Commonwealth that was to be included in the time in which trial was to be commenced, i.e. time to be added to the mechanical run date. **See Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017) ("[W]here a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not

_____

[3] Prior to 2013, Rule 600(C) and (G), were written to exclude time attributable to defendant's delay and to times when the Commonwealth exercised due diligence. Post 2013, subsection (C) was rewritten, and subdivision (G) was repealed. The rule now simply provides in subdivision (C) that all periods of time in which the Commonwealth has not proceeded with due diligence is to be included in the time which trial is to commence, and that all other periods of delay are to be excluded. While the result on timeliness might be the same pre and post 2013, the change in focus under the rule appears to require a different computational methodology.

accountable"). Therefore, the trial court abused its discretion when it granted Appellee's motion to dismiss.

Order reversed. Jurisdiction relinquished. Case remanded for further proceedings consistent with this memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2024