J-S35024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                                            :
              v.                         :
                                            :
                                            :
ERNEST LORENZO LEONARD, SR.   :
                                            :
           Appellant        :  No. 1399 MDA 2023

Appeal from the Judgment of Sentence Entered August 29, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001197-2020

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:      **FILED: NOVEMBER 4, 2024**

Ernest Lorenzo Leonard, Sr. (Appellant), appeals from the judgment of sentence imposed following his jury convictions of two counts each of rape of a mentally disabled person, involuntary deviate sexual intercourse (IDSI) – complainant suffers mental disability, sexual assault, and aggravated indecent assault – complainant suffers mental disability.[1]  We affirm.

The Commonwealth charged Appellant with the above-described offenses based on reports that he had sexually assaulted A.W. (Complainant).[2]

---

[1] 18 Pa.C.S.A. §§ 3121(a)(5), 3123(a)(5), 3124.1, 3125(a)(6).

[2] Complainant stated at trial that Appellant was friends with her adoptive mother.  N.T., 5/17/23, at 51.  Appellant lived with Complainant and her mother before her mother's death.  ***See id.*** at 41-42.

A.W. was thirty-six years old at the time of trial and had a Down Syndrome diagnosis.

On December 11, 2020, Appellant filed an omnibus pretrial motion, which the trial court denied following a hearing.

On May 11, 2023, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. The trial court denied Appellant's Rule 600 motion.

After a trial on May 17-18, 2023, a jury convicted Appellant of the above offenses. On August 29, 2023, the trial court sentenced Appellant to an aggregate term of 8 to 16 years in prison, comprised of consecutive sentences of 4 to 8 years for each conviction of rape of a mentally disabled person. The IDSI convictions merged for sentencing purposes. The court also imposed concurrent 3- to 6-year prison terms for Appellant's sexual assault convictions. Finally, on the aggravated indecent assault convictions, the trial court entered a finding of guilt without further penalty.

Appellant filed a timely post-sentence motion for reconsideration of his sentence. The trial court denied Appellant's post-sentence motion on September 7, 2023. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant now raises the following issues for review:

I. Did the trial court err in denying [] Appellant's motion to dismiss pursuant to Rule 600?

II. Was evidence insufficient to prove [Appellant was] guilty beyond a reasonable doubt of two counts of rape of a mentally disabled person[,] two counts of involuntary deviate sexual

- 2 -

intercourse, two counts of sexual assault, and two counts of aggravated indecent assault?

III. Did the sentencing court abuse its discretion in sentencing [] Appellant to an aggregate sentence of 8-16 years in state prison?

Appellant's Brief at 7 (issues reordered; some capitalization modified).

In his first claim, Appellant argues the trial court erred by denying his Rule 600 motion to dismiss. *Id.* at 18. Appellant points out that the Commonwealth filed its criminal complaint on August 26, 2020. *Id.* at 19. Appellant also acknowledges a change in defense counsel in September 2021, and a continuance, requested by the defense, until January 10, 2022. *Id.* Further, Appellant acknowledges that a period of time was excluded from calculations due to the Covid-19 pandemic. *Id.* According to Appellant, "[a] continuance was not requested by the defense from January 2022 to the time the case was called to trial in May of 2023." *Id.*; *see also id.* at 20 (asserting "none of the time running from December of 2021 to May of 2023 was attributable to the defense.").

We are mindful of our standard of review:

In general, a trial court's denial of a Rule 600 motion is reviewed for an abuse of discretion; however, it is subject to plenary review when the dispositive question implicates legal issues. The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Lapaglia*, 320 A.3d 745, 749-50 (Pa. Super. 2024) (citations, brackets, and ellipses omitted).

- 3 -

Rule 600 serves the "dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases[.]" ***Commonwealth v. Barbour***, 189 A.3d 944, 955 (Pa. 2018) (citation omitted). Rule 600 provides, in part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \*

(3)(a) When a judge or issuing authority grants or denies a continuance:

\* \* \*

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the

- 4 -

time within which trial must commence in accordance with this rule.

\* \* \*

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

In conducting a Rule 600 analysis, a court must first calculate the mechanical run date, which is 365 days after the complaint was filed. ***Commonwealth v. Lear***, 290 A.3d 709, 718 (Pa. Super. 2023), ***rev'd on other grounds by Commonwealth v. Lear***, 2024 WL 4559236 (Pa. filed October 24, 2024). "The 'adjusted run date' is then calculated by adding any time that is 'excluded from the computation' under Rule 600(C)(1)." ***Id.*** (footnote in original).

Our Supreme Court has explained:

Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; and (2) the Commonwealth must have failed to exercise due diligence. Otherwise, the delay is excluded from the calculation of the run date. Put differently, **where delay is not caused by the Commonwealth or delay caused by the Commonwealth is not the result of lack of due diligence, it must be excluded from the computation of the Rule 600 deadline**. Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and

- 5 -

punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

*Commonwealth v. Johnson*, 289 A.3d 959, 982 (Pa. 2023) (emphasis added; internal citations and quotation marks omitted). The Commonwealth must establish, by a preponderance of the evidence, "that it engaged in due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters." *Commonwealth v. Wiggins*, 248 A.3d 1285, 1288 (Pa. Super. 2021).

Similarly, "judicial delay is delay caused by the court, rather than the Commonwealth, and is likewise excludable if the Commonwealth exercised diligence during that time." *Johnson*, 289 A.3d at 982 (citing *Commonwealth v. Harth*, 252 A.3d 600, 603 (Pa. 2021) ("[A] trial court may invoke 'judicial delay' in order to deny a defendant's Rule 600 motion to dismiss only after the Commonwealth has demonstrated that it complied with the due diligence requirements of Rule 600 at all relevant periods through the life of the case.")).

> It would certainly not serve the dual purpose of Rule 600 if a defendant could demand a jury trial … during a time when it is impossible for the Commonwealth to conduct a jury trial, and determine that the resulting delay was not excusable under the Rule.

*Commonwealth v. Faison*, 297 A.3d 810, 824 (Pa. Super. 2023).

Instantly, the Commonwealth filed a criminal complaint on August 26, 2020. Thus, the mechanical run date for Rule 600 was August 26, 2021. *See*

Pa.R.Crim.P. 600(A)(2)(a). Trial commenced on May 17, 2023—994 days after the complaint was filed, and 628 days after the mechanical run date.

Significantly, Appellant fails to provide an accounting of **any** time delays at issue. Appellant fails to identify any periods of delay that were caused by the Commonwealth, and during which the Commonwealth failed to exercise due diligence. Further, Appellant does not specifically dispute the trial court's findings or the court's calculation of the adjusted run date. Appellant's vague assertion that the additional delay, following the Covid-19 excludable time, was not attributable to the defense is insufficient to support his claim. *See generally Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (appellant waived his Rule 600 claim, where he failed to provide an accounting of the relevant time delays and failed to support his argument with citations to authority).

Even if Appellant had adequately developed his claim, we would conclude it lacks merit. In its opinion and order denying Appellant's Rule 600 motion, the trial court detailed the following periods of delay:

- August 26, 2020 – May 31, 2021 (279 days) **excludable time** resulting from administrative orders suspending Rule 600 during the Covid-19 pandemic;[3]

---

[3] The trial court also explained that even in the absence of the administrative suspension of Rule 600, a significant portion of the relevant time period was attributable to the defense. *See* Opinion and Order, 5/16/23, at 10 n.6 (detailing pretrial motions and defense continuances).

- June 1, 2021 – July 13, 2021 (42 days) **excludable time** due to the deputy court administrator's (DCA) inability to schedule a jury selection date amidst a crowded criminal trial list following Covid-19-related suspensions;

- July 13, 2021 – October 4, 2021 (83 days) **attributable to defense** (continuance request);

- October 4, 2021 – January 10, 2022 (98 days) **attributable to defense** (continuance request);

- January 10, 2022 – April 4, 2022 (84 days) **excludable time** because DCA was unable to schedule a jury selection date;

- April 4, 2022 – July 11, 2022 (98 days) **excludable time** because DCA was unable to schedule a jury selection date.

**See** Opinion and Order, 5/16/23, at 10-12. The court specified that during all time periods attributed to court scheduling issues, the Commonwealth was ready to proceed with trial. **Id.** at 11-12; **see also Commonwealth v. Marnoch**, 316 A.3d 1041, 1045-46 (Pa. Super. 2024) (determining that, where the Commonwealth was ready to proceed, and the court's calendar was the only reason for the delay, there was no delay attributable to the Commonwealth for purposes of a Rule 600 calculation).

Because no delays were attributable to the Commonwealth, a total of 684 days were added to the mechanical run date, resulting in an adjusted run date of July 11, 2023. Appellant filed his Rule 600 motion on May 11, 2023,

- 8 -

**before** the expiration of the adjusted run date. The trial court properly denied Appellant's motion on this basis. *See* Opinion and Order, 5/16/23, at 12. Moreover, at the time the trial court issued its opinion and order, the case was scheduled for a jury trial on May 17-18, 2023, within the adjusted run date. *Id.* As we discern no abuse of discretion by the trial court, we would conclude Appellant's Rule 600 claim lacks merit.

In his second claim, Appellant contends there was insufficient evidence to support his convictions. *See* Appellant's Brief at 11-14. Appellant does not dispute the Complainant's inability to consent to sexual intercourse. *Id.* at 12. Nevertheless, Appellant asserts there are "several issues" with Complainant's testimony:

> At the time of trial, [Complainant] testified to Appellant penetrating her anus with his penis. It was also undisputed that [Complainant] had recanted the allegations several times before charges were ultimately pursued by the Lycoming County District Attorney.
>
> … [Complainant] could not provide an adequate description of Appellant's penis. There were no physical signs or physical evidence that forced penetration had occurred. [Complainant] could not provide actual details that would be expected to be provided by a victim of a sexually[-]based offense.
>
> [Complainant] was not able to articulate what sexual intercourse is. She was unable to describe simple facts about sexual intercourse, male anatomy, or her own female anatomy.

*Id.* at 12-13. Regarding his aggravated indecent assault convictions, Appellant claims the Commonwealth failed to present evidence beyond that

which also supported his convictions of rape, IDSI, and sexual assault. *Id.* at 14.

Appellant's sufficiency argument is not adequately developed with citation to and discussion of relevant caselaw. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Though Appellant cites the relevant statutory definitions of each offense, he fails to articulate with specificity the elements which he believes the Commonwealth failed to prove. Indeed, the trial court concluded Appellant waived his sufficiency challenges by failing to identify the elements of each offense he intended to challenge in his Pa.R.A.P. 1925(b) concise statement. Trial Court Opinion, 1/10/24, at 3; *see also Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (explaining that when an appellant wishes to preserve a sufficiency challenge, his Rule 1925(b) concise statement must specify the elements for which the evidence was insufficient). We agree with the trial court's assessment; Appellant's sufficiency challenge is waived. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority); *Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).

In his third and final claim, Appellant argues the trial court abused its discretion by imposing consecutive sentences, without adequate consideration of mitigating factors raised by Appellant. *See* Appellant's Brief at 15-17.

"It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). Rather, an appellant must invoke this Court's jurisdiction by satisfying a four-part test:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part test to determine: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Mastromarino***, 2 A.3d at 585 (brackets and some citations omitted).

Here, Appellant filed a timely notice of appeal and preserved his sentencing challenge in his post-sentence motion. However, Appellant failed to include a separate Rule 2119(f) statement in his appellate brief, and the Commonwealth has objected to this defect. Accordingly, we may not address the merits of Appellant's discretionary sentencing claim. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/04/2024