J-A21007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVERIL A. PHILLIPS | : | |
| | : | |
| Appellant | : | No. 2910 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008253-2022

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED NOVEMBER 5, 2024**

Deveril Phillips appeals from the judgment of sentence entered after he was convicted in the Court of Common Pleas of Philadelphia of driving under the influence (DUI).  He challenges the denial of his motion to dismiss under Pennsylvania Rule of Criminal Procedure 1013(G).  We affirm.

Phillips was convicted in the Philadelphia Municipal Court of DUI on September 30, 2022.  On November 21, 2022, after sentencing, Phillips timely appealed to the Court of Common Pleas for a trial *de novo*.  Phillips was present with counsel at a scheduling conference on January 20, 2023, when the case was set for a pretrial conference on April 11, 2023, with a trial on April 25, 2023.

On April 21, 2023, Phillips moved to dismiss under Rule 1013(G).  The trial court held a hearing on Phillips' motion prior to trial on April 25, 2023. Phillips provided his notice of appeal and the secured court docket as exhibits;

all agreed that the trial date had exceeded the 120-day limit of Rule 1013(G).

Relevantly, the assistant district attorney (ADA) represented that at the

scheduling conference, she had asked for the earliest possible trial date.

Phillips protested the Commonwealth's proof, the ADA suggested an

alternative method, and a member of the court's staff spoke on the record:

> [The ADA]: . . . Discovery was marked complete at the first listing. This is, in fact, the first waiver trial listing and we are ready to proceed today.
>
> We further are typically given the earliest possible date with the court's calendar. It's -- there's no indication that that was not done in this case.
>
> \*       \*       \*
>
> THE COURT: When this case came out in January -- I know you probably weren't the DA -- do you recall if the courts -- is there any indication that the court said all dates given are earliest possible dates, or if any of the DAs who handled this then asked for the earliest possible date[?]
>
> [The ADA]: And, Your Honor, in fact, I was the attorney who handled the scheduling conference. And we did ask for the earliest possible date.
>
> THE COURT: Okay. Defense.
>
> [Defense counsel]: So that's . . . not on the docket. If that's the representation the Commonwealth is making, then we might have to order the notes of testimony [from the scheduling conference]. I think it would be on the docket, if the earliest possible date was requested. And [**Commonwealth v. Jones**, 679 A.2d 1297 (Pa. Super. 1996),] says that the docket controls.
>
> And it's the Commonwealth's burden of due diligence to request the earliest possible date and request a date that is consistent with speedy trial.
>
> THE COURT: I mean, listen, counsel. If you want to order the notes of testimony [from the scheduling conference], I'll give you time to do that, if that's what you want, or I can rule today. It's

- 2 -

up to you. You want to -- if you think that's part of your argument -- it's pushing your case back further, but that's up to you.

[The ADA]: Your Honor, I believe we can possibly circumvent that. If we can hear from your court staff, who I believe are familiar with the operating procedures --

THE COURT CRIER: Judge, all dates are consistent with the court's calendar. Whatever we have available.

N.T., 4/25/23, at 7–9.

The trial court found that the Commonwealth had been diligent based on the ADA's recollection of asking for the earliest possible trial date and the trial court's own scheduling policy. Accordingly, the court denied Phillips' Rule 1013(G) motion to dismiss.

The case proceeded to a non-jury trial the same day; the trial court found Phillips guilty of DUI. On October 30, 2023, the court sentenced Phillips to one to two months of incarceration followed by four months of probation. Phillips timely appealed. Phillips and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Phillips presents one issue for review:

Did the lower court abuse its discretion in denying Deveril Phillips's Petition to Dismiss the Information Pursuant to Pa.R.Crim.P. 1013(G) as the matter was well past the run date and the Commonwealth had not been duly diligent?

Phillips' Brief at 3.

Our standard of review for evaluating claims brought pursuant to Pa.R.Crim.P. 1013 is the same as claims made under Pa.R.Crim.P. 600. ***Commonwealth v. Preston***, 904 A.2d 1, 9 (Pa. Super. 2006) (*en banc*). We review speedy trial rulings for an abuse of discretion. ***Id.*** "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly

- 3 -

unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused." *Commonwealth v. Burno*, 154 A.3d 764, 793 (Pa. 2017). We view the facts in the light most favorable to the prevailing party, and our scope of review is limited to the hearing record. *Preston*, 904 A.2d at 9.

*Commonwealth v. Marnoch*, 316 A.3d 1041, 1044–45 (Pa. Super. 2024) (citations altered).

Rule 1013 provides time limits for trials in cases from the Philadelphia Municipal Court. Relevant here: "A trial *de novo* in the Court of Common Pleas shall commence within a period of 120 days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 600 shall apply to such trials in the Court of Common Pleas." Pa.R.Crim.P. 1013(G). Rule 600, in paragraph (A), requires a trial to commence within a specified time limit, such as 365 days from the date the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). Paragraph (C) dictates how the time is calculated:

> For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C).

When a court's own schedule delays a trial, the inquiry focuses on the diligence of the Commonwealth. Under Rule 600, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017); *see also Marnoch*,

316 A.3d at 1046 (applying **Mills** to a Rule 1013(G) analysis). However, for "judicial delay" to be excluded under Rule 600(C), the Commonwealth must "act with due diligence throughout the life of the case." **Commonwealth v. Harth**, 252 A.3d 600, 618 (Pa. 2021). "[I]f the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion." **Id.**[1]

Diligence requires prosecutors to "do everything reasonable within their power to see that the case is tried on time." **Commonwealth v. Browne**, 584 A.2d 902, 905 (Pa. 1990) (quoting **Commonwealth v. Smith**, 383 A.2d 1280, 1282 (Pa. 1978)). The Commonwealth will meet its obligation in the face of a potential speedy trial issue if, before the time limit, "the prosecutor indicates readiness to try the case and requests the earliest possible trial date." **Commonwealth v. Staten**, 950 A.2d 1006, 1010 (Pa. Super. 2008) (citing **Preston**, 904 A.2d at 13).

In a speedy trial hearing, the Commonwealth must meet its burden with sufficient evidence. **Commonwealth v. Johnson**, 852 A.2d 315, 318 (Pa. Super. 2004). In **Johnson**, the prosecutor had obtained a continuance while defense counsel was absent, later arguing at a Rule 600 hearing that he had told the scheduling judge about the run date. **Id.** at 316–17. However, the

---

[1] Case law about Rule 600 applies equally to Rule 1013. **Commonwealth v. Feeney**, 101 A.3d 830, 833 (Pa. Super. 2014) (citing **Commonwealth v. Lynch**, 57 A.3d 120, 123 (Pa. Super. 2012)).

Quarter Sessions file did not include any notation that the scheduling judge had given the earliest possible date, and the scheduling judge did not recall. *Id.* at 318. We held that the Commonwealth could not meet its burden to prove diligence with only "unsworn representations of counsel" about an *ex parte* proceeding and an "assumption" that the scheduling judge had given the earliest possible date. *Id.*; *accord Jones*, 679 A.2d at 1299 (finding a lack of diligence where the Quarter Sessions file did not indicate a request for the earliest possible trial date).

Here, Phillips argues that the trial court could not rely on the statements of the ADA and the court crier to find that the Commonwealth had requested the earliest possible trial date (or alerted the court to the Rule 1013 problem). Phillips contends that the statements were not "actual evidence" because the ADA and the court crier were not sworn in, and the defense was not given the opportunity to cross-examine either. Given the court crier's vague statement and the lack of an indication in the court record, Phillips submits that the trial court abused its discretion by denying his Rule 1013(G) motion to dismiss.

We find that the trial court did not abuse its discretion by considering the statements of the ADA and the court crier, as Phillips did not alert the court to the defects that he does now—the lack of an oath or cross-examination. After the ADA stated that she had requested the earliest trial date, Phillips protested that the docket did not reflect that and suggested obtaining a transcript:

> So that's the -- it's not on the docket. If that's the representation that the Commonwealth is making, then we might have to order the notes of testimony in that case. I think it would be on the docket, if the earliest possible date was requested. And Commonwealth versus Jones says that the docket controls.
>
> And it's the Commonwealth's burden of due diligence to request the earliest possible date and request a date that is consistent with speedy trial.

N.T., 4/25/23, at 8–9. Phillips did not object after the court crier spoke and the trial court denied Phillips' motion for dismissal.[2]

Phillips waived his challenge to the lack of an oath or cross-examination of the statements of the ADA and the court crier. "Requiring a litigant to make a timely, specific objection during trial ensures that the trial court has a chance to correct alleged trial errors." *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1124 (Pa. 2000). If Phillips had objected at the Rule 1013(G) hearing, the trial court could have fixed the defects now complained of by administering an oath and allowing for cross-examination—or by excluding the statements and requiring the Commonwealth to meet its burden through other evidence. Here, we do not find that the trial court abused its discretion by considering the prosecutor's unsworn statements about the scheduling conference, which Johnson had attended with counsel. *Tecce v. Hally*, 106 A.3d 728, 732 & n.5 (Pa. Super. 2014) (finding waiver *sua sponte* where the litigants did not object to the lack of an oath or cross-examination for any witnesses); *cf.*

---

[2] The trial court stated: "I'll note your argument, counsel, and I'll note your objection, but your 1013(G) motion is denied." N.T., 4/25/23, at 10. From the context, it appears that the trial court was noting Phillips' objection to the denial of his motion to dismiss, not an objection to the ADA's unsworn statements and lack of cross-examination.

*Johnson*, 852 A.3d at 317–18 (holding the trial court abused its discretion by considering unsworn statements about an *ex parte* scheduling hearing).

From the record of the Rule 1013(G) hearing—including the statements of the ADA and the court crier—the trial court did not abuse its discretion by finding that the Commonwealth acted with due diligence. According to the transcript, the Commonwealth provided discovery on January 20, 2023, when the case was scheduled for trial and Phillips was present with counsel. The ADA asserted that she had requested the earliest possible trial date. The trial court could credit this assertion. The court crier stated: "Judge, all dates are consistent with the court's calendar. Whatever we have available." In a light most favorable to the prevailing party, this supports that the court would give the earliest date consistent with its calendar when faced with such a request. The trial court could find from this presentation that the Commonwealth was ready for trial when discovery was complete, that the prosecutor requested the earliest possible trial date, and that the case was set for the earliest date consistent with the court's calendar. *Staten*, 950 A.2d at 1010. Based on the record of the Rule 1013(G) hearing, the trial court did not abuse its discretion by denying Phillips' motion to dismiss.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/5/2024