J-S37017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRAVIS LEE BRITT | : | No. 762 EDA 2025 |

Appeal from the Order Entered March 3, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001590-2023

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:             **FILED NOVEMBER 26, 2025**

In this case, the Commonwealth appealed from the trial court's order granting Travis Lee Britt's motion to dismiss under Criminal Rule of Procedure 600.  For the reasons that follow, we affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> On June 15, 2023, the Commonwealth filed a criminal complaint charging [Britt] with 6 counts:  2 misdemeanors for driving under the influence (DUI) and possession of drug paraphernalia and 4 related summary offenses.  Nineteen months later on February 2, 2025 – the same day [Britt] filed a Motion to Dismiss – the Commonwealth filed a criminal Information and also an amended Information to upgrade the DUI charge to a felony.
>
> These charges stem from an incident that occurred on April 27, 2023.  Trooper Justin Siekierka initiated a traffic stop of [Britt] for failing to maintain the travel lane and driving an unregistered vehicle on Route 611 in Stroud Township.  The trooper administered Standardized Field Sobriety Testing to [Britt] which

_____

[*] Former Justice specially assigned to the Superior Court.

indicated [Britt] was impaired. [Britt] refused a blood draw at the Monroe County Processing Center.

On September 19, 2023, [Britt] signed a pro se waiver of formal arraignment without being present in court. The waiver was not opposed by the Commonwealth and improperly accepted by the minute clerk who placed the matter on the January [t]rial [t]erm. On January 8, 2024, [Britt], continuing to act without counsel, requested a continuance. [The trial court] granted the request and rescheduled the trial for the February 2024 trial term.

[Britt] secured counsel on February 2, 2024. [The trial court] granted [Britt's] February 5, 2024, request for a continuance and rescheduled the trial for the June 2024 trial term. A bench warrant was issued on June 14, 2024 for [Britt's] failure to appear. [Britt] appeared at a bench warrant hearing on January 21, 2025, and [the trial court] set the final call for January 31, 2025 and trial for the February 2025 trial term.

On February 3, 2025, [Britt's] counsel filed a Motion to Dismiss. On that same day, the Commonwealth filed both the Information and an Amended Information. On February 5, 2025, [the trial court] cancelled the February trial and set a hearing on [Britt's] motion for March 3, 2025.

After [the] hearing on March 3, 2025, for the reasons placed on the record, [the trial court] granted the motion and dismissed the charges against [Britt] with prejudice.

Trial Court Opinion, 5/16/25, at 1-2. This appeal followed. Both the Commonwealth and the trial court have complied with Appellate Rule 1925.[1]

The Commonwealth raises the following issue on appeal:

Did the trial court err in dismissing the case by finding [R]ule 600 was violated solely because a criminal information was not filed?

Commonwealth's Brief at 5.

_____

[1] The Commonwealth's notice of appeal also included its certification that the trial court's order would terminate or substantially handicap its case against Britt. *See* Pa.R.A.P. 311(d).

"We review speedy trial rulings for an abuse of discretion." **Commonwealth v. Marnoch**, 316 A.3d 1041, 1043 (Pa. Super. 2024) (citation omitted). When reviewing a trial court's ruling for an abuse of discretion, this Court views the facts in the light most favorable to the prevailing party. **Id.** In doing so, our scope of review is limited to the evidentiary hearing record and the findings of the trial court. **Id.**

Relevant to this appeal, Criminal Rule of Procedure 600(A)(2)(a) provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Regarding the computation of the time under Rule 600 and whether a violation occurred, our Supreme Court has explained:

> To determine whether Rule 600 has been violated, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint has been filed," and then must "account for any 'excludable time' and any "excusable delay.'" **Commonwealth v. Goldman**, 70 A.3d 874, 879 (Pa. Super. 2013). "For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).
>
> To this end, Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; and (2) the Commonwealth must have failed to exercise due diligence. Otherwise, the delay is excluded from the calculation of the run date. Put differently, where delay is not caused by the Commonwealth or delay caused by the Commonwealth is not the result of lack of diligence, it must be excluded from the computation of the Rule 600 deadline. "Due diligence is fact specific, to be determined case-by-case; it does not require

- 3 -

perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, [994 A.2d 1083, 1089 ( Pa. 2010)].

***Commonwealth v. Johnson***, 289 A.3d 959, 981-82 (Pa. 2023).

Here, although the Commonwealth challenges the trial court's dismissal of the charges under Rule 600, its one-page, one-paragraph supporting argument is woefully inadequate. As this Court has stated: "[W]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, an appellate court will not consider the merits thereof." ***Commonwealth v. Wright***, 314 A.3d 515, 523 (Pa. Super. 2024) (citation omitted).

The Commonwealth's entire argument in support of its claim is reproduced as follows:

> During the [Rule 600] hearing, it was argued that the criminal information not being filed was a due diligence issue. In [***Commonwealth v. Clark***, 511 A.2d 1382 (Pa. Super. 1986)], the court said, a criminal action had been commenced against the defendant by the filing of a criminal complaint. That complaint contained averments which established with specificity the date and time of the escape, the prison facility where appellant had been confined at the time of his escape, and the names of persons who had escaped with appellant. In this case, a criminal complaint was filed on June 15, 2023. It lays out the charges of DUI-controlled substance, Possession of Paraphernalia, and various traffic offenses. It lists the date of the offense as April 27, 2023. The complaint also lists the location of the offense as occurring within Stroud Township. No delays were caused by the Commonwealth. [Britt] asked for a continuance on 2 separate occasions and then was a bench warrant from June 14, 2024 to January 24, 2025.

Commonwealth's Brief at 8.

We conclude that the inadequacy of the Commonwealth's argument results in waiver. The argument does not cite Rule 600 and fails to cite any case law relevant to the speedy trial rule.[2] By citing **Clark**, it appears the Commonwealth is arguing that it could continue its prosecution of Britt based solely upon the 2023 criminal complaint. However, the **Clark** case did not involve a Rule 600 issue,[3] and the Commonwealth provides no argument that it exercised due diligence in its prosecution of Britt. Indeed, at the Rule 600 hearing, the Commonwealth presented no evidence. Given these circumstances, we find the Commonwealth waived its claim and affirm the trial court's order dismissing the charges against Britt with prejudice.[4]

Motion to Dismiss denied. Order affirmed.

---

[2] The Commonwealth does provide a brief boilerplate discussion of Rule 600 in its statement of the standard and scope of review. **See** Commonwealth's Brief at 3-4.

[3] In **Clark**, the appellant argued that the trial court lacked jurisdiction to accept a guilty plea to a crime not charged in the information, and this Court found that the requirement of "a formal and specific accusation" was satisfied by the criminal complaint the Commonwealth filed against the appellant. **Clark**, 511 A.2d at 1384.

[4] Given our disposition, Britt's motion to dismiss based on Appellate Rule 2188 is denied as moot. Moreover, absent waiver, we would affirm the order dismissing the charges based upon the trial court's opinion. **See** Trial Court Opinion, 5/16/25, at 7-12 (explaining that it dismissed the charges filed against Britt for multiple reasons including the improper arraignment of Britt, the failure to file a criminal information against him until Britt filed a motion to dismiss, and the Commonwealth's failure to establish due diligence).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2025